PEOPLE *v.* RUGGERO.

CRIMINAL LAW—CONDUCT OF PROSECUTOR—TRIAL.

In a prosecution for taking indecent liberties with the person of a female child, the action of the prosecutor, in the presence of the jury, in offering witnesses indorsed on the information who were not afterwards called, *held*, prejudicial, although the court instructed the jury to disregard the incident.

Error to recorder's court of Detroit; Marsh (Pliny W.), J. Submitted April 13, 1923. (Docket No. 129.) Decided June 4, 1923.

George Ruggero was convicted of taking indecent liberties with the person of a female child, and sentenced to imprisonment for not less than 3 nor more than 10 years in the State prison at Jackson. Reversed.

*Connolly & Henderson*, for appellant.

*Andrew B. Dougherty*, Attorney General, *Paul W. Voorhies*, Prosecuting Attorney, and *W. Gomer Krise*, Assistant Prosecuting Attorney, for the people.

SHARPE, J. Defendant reviews his conviction on a charge of taking indecent liberties with the person of Evelyn Kelsey, a female child of the age of 11 years, by writ of error.

The little girl testified that she went to defendant's store and purchased some milk, bread and stamps; that they were alone in the store; that after waiting on her he came around the counter, sat down on a chair, held her and put his hands under her clothing and upon her private parts; that she pulled away from him and went home. On the way she dropped the bottle of milk and was sent back after another; that on her return home she was excited and her mother asked her what had happened and she told her. Her father testified to her age. Her mother was not sworn. At the conclusion of her testimony the following occurred (Mr. Toy was assistant prosecuting attorney and Mr. Speed and Mr. Ring the attorneys for the defendant) :

"*Mr. Toy:* We offer Florence Andrews, Dorothy Hayes, Cathleen Krimmel for examination.

"*Mr. Speed:* Now, just a minute. I object to that remark by counsel and ask that it be stricken from the record and that the jury be cautioned to disregard it. The Supreme Court has held that that is im-

223—Mich.—24.

proper practice for the prosecutor to offer witnesses indorsed upon the information.

"*Mr. Toy:* All right, I consent to that, if the court please. Florence Andrews. I might say at this time, if the court please, in addition to Florence Andrews, the people have ready Dorothy Hayes—

"*Mr. Ring:* Just a minute, please.

"*Mr. Toy:* Cathleen Krimmel.

"*Mr. Ring:* If the court please, I move the jury be excused for a minute.

"*The Court:* Surely. You may step into your jury room."

After discussion, in which defendant's counsel asked that a mistrial be declared, the jury were recalled and the court said to them:

"Just before you retired to your jury room the offer was made by the prosecutor to produce certain witnesses. That offer has been stricken from the record, and any reference to it should not in any way be considered by you in your deliberations. Your deliberations must be solely upon the testimony of the witnesses who have appeared here on the stand, and disregard any remarks of counsel in this connection or in any other connection except as they may argue this case for you, expressing their views in a proper manner."

The prosecution then rested. The defendant testified, denying the charge. Four women who lived near by testified that his reputation in the community was good, while the little girl's father and John J. Krimmel, a police officer, testified in rebuttal that it was not.

The action of the assistant prosecutor in offering Florence Andrews, Dorothy Hayes and Cathleen Krimmel as witnesses is relied on as prejudicial error. There was nothing offered to corroborate the testimony of the little girl, and the defendant could do no more than deny the charge. On the issue thus made, the jury must decide. Both the court and the prose-

cuting attorney should exercise much care in not permitting any facts or circumstances, not supported by competent proof, to be placed before the jury from which they might draw an inference unfavorable to the defendant. Whether so intended or not, it is apparent that the jury were apprised that the three females named, whose ages are not disclosed, were present and that their names had been indorsed on the information for some purpose. They were not afterwards called, nor does it appear that they knew anything relevant to the issue or could have been used as witnesses for any purpose. Why, then, was attention called to the fact that they were present? It must have been apparent to the prosecutor that defendant's counsel would not desire to cross-examine them because their names had not been mentioned in the testimony of any witness. We cannot but be impressed that what occurred in the presence of the jury could but have led them to infer that these girls, as it is apparent they were, could testify to something which, if not admissible to support the claim of the prosecution, would be harmful to the defendant. The instruction of the trial court but emphasized the fact of their presence and could not remove the effect of what had been done. In *People* v. *Hunter*, 218 Mich. 525, we had occasion to comment on the danger incident to getting facts before a jury from which inferences of misconduct on the part of a defendant with others might be drawn. To affirm this conviction would place the stamp of approval on the course here pursued, and this we are unwilling to do.

The conviction and sentence are reversed and a new trial ordered.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.