## PEOPLE v. PADULA

1. CRIMINAL LAW—WITNESSES—PROSECUTOR'S OFFERING CROSS-EX-
AMINATION WITHOUT DIRECT EXAMINATION.
    An offer by the prosecutor of certain indorsed but not *res gestae*
    witnesses for cross-examination without having conducted any
    direct examination should not have been made in the presence
    of the jury; however, the improper offer did not constitute
    reversible error where the only inference the jury could have
    drawn was that the witnesses' testimony was not important.

2. CRIMINAL LAW—PROSECUTOR'S COMMENTS—DEFENDANT'S GUILT.
    Prosecutor's comments, in closing argument, on the credibility
    of a witness and on the guilt of the defendant are permissible
    when based on the evidence.

3. CRIMINAL LAW—PROSECUTOR'S COMMENT—MISSTATEMENT OF FACT
—APPEAL AND ERROR—STANDARD OF REVIEW.
    Prosecutor's misstating a fact in closing argument is not, in the
    absence of timely objection, reversible error unless the state-
    ment was intentionally inaccurate or was so prejudicial to
    deny defendant a fair trial.

Appeal from Macomb, Howard R. Carroll, J.
Submitted Division 2 June 7, 1971, at Lansing.
(Docket No. 9225.) Decided June 22, 1971. Leave
to appeal denied, 385 Mich 782.

James Anthony Padula was convicted of conspir-
acy to break and enter an occupied dwelling house
with intent to commit larceny therein. Defendant
appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 53 Am Jur, Trial § 459.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Max D. McCullough,* for defendant on appeal.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

DANHOF, P. J.  The defendant was convicted by a jury of conspiracy to break and enter an occupied dwelling house with intent to commit larceny therein.  MCLA §§ 750.110, 750.157a (Stat Ann 1971 Cum Supp §§ 28.305, 28.354[1]).  He now appeals.

The defendant contends that reversible error was committed when the prosecutor, in the presence of the jury, offered certain indorsed but not *res gestae* witnesses for cross-examination without conducting any direct examination.  The counsel for the defendant did not object to the procedure.  The offer should not have been made in the presence of the jury.  However, we find no reversible error.

The defendant relies on *People* v. *Ruggero* (1923), 223 Mich 368, and a comparison of that case with the case at bar is instructive.  *Ruggero* involved a charge of taking indecent liberties with a female child.  The prosecutor had three girls present in court and at the conclusion of his case he offered the girls for cross-examination without conducting any direct examination.  Counsel for the defendant objected and the trial court instructed the jury to disregard the offer.  In spite of this instruction the Supreme Court reversed.  At p 371 the Court stated:

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"We cannot but be impressed that what occurred in the presence of the jury could but have led them to infer that these girls, as it is apparent they were, could testify to something which, if not admissible to support the claim of the prosecution, would be harmful to the defendant. The instruction of the trial court but emphasized the fact of their presence and could not remove the effect of what had been done. In *People* v. *Hunter* [1922], 218 Mich 525, we had occasion to comment on the danger incident to getting facts before a jury from which inferences of misconduct on the part of a defendant with others might be drawn."

In *Ruggero, supra,* there was a grave danger that the jury would draw the inference that the defendant had performed similar acts with the offered witnesses. Particularly in view of the offense charged, this would be highly prejudicial. In this case it appears that the only inference that the jury could draw was that the witnesses' testimony was not of great importance. This case is similar to *People* v. *Keiswetter* (1967), 7 Mich App 334, where we said at p 342:

"This error is not a ground for reversal or granting a new trial unless we find after an examination of the entire cause that it affirmatively appears that it has resulted in a miscarriage of justice."

We find no miscarriage of justice and, therefore, no reversible error.

The defendant also contends that he was denied a fair trial by the prosecutor's closing argument. However, defense counsel did not object to the closing argument. The prosecutor's comments on the credibility of a witness and on the guilt of the defendant based on the evidence were permissible. See *People* v. *Poe* (1970), 27 Mich App 422, and

*People* v. *Humphreys* (1970), 24 Mich App 411. We are not convinced that the prosecutor misstated a fact in closing argument, as opposed to making a proper inference based on the evidence. However, assuming that he did, the statement does not appear to have been intentionally inaccurate, or to have been so prejudicial as to deny the defendant a fair trial. Therefore, in the absence of timely objection it was not reversible error. *People* v. *Helcher* (1968), 14 Mich App 386.

The defendant's final contention is that the trial court erred in denying his motion for a continuance. The record does not show that such a motion was made, and thus we cannot pass upon this issue.

Affirmed.

All concurred.