PEOPLE v GARZA

1. CRIMINAL LAW—WALKER-TYPE HEARINGS—ENTRAPMENT.
   A *Walker*-type hearing should be held on the defense of entrapment where it is raised as a defense to a criminal charge.

2. CRIMINAL LAW—EVIDENCE—ENTRAPMENT—PREPONDERANCE OF EVIDENCE.
   A defendant who raises the defense of entrapment must establish entrapment by a preponderance of the evidence.

Appeal from Saginaw, Fred J. Borchard, J. Submitted November 3, 1976, at Grand Rapids. (Docket No. 26464.) Decided December 10, 1976.

Roberto P. Garza was convicted of delivery of heroin. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton, Jr.,* Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people.

*Dwan & Doyle,* for defendant.

Before: BRONSON, P. J., and J. H. GILLIS and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. On August 20, 1975, defendant Roberto Garza was convicted by jury on a charge of delivering heroin contrary to MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). On September

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 143, 144.

29, 1975, defendant was sentenced to a term of from 8 to 20 years in prison. He appeals as of right.

The facts in this case may be simply stated. One Daniel Harnish, a former narcotics addict, had become an informant working with Trooper Palmer of the Michigan State Police. Defendant became acquainted with informant Harnish through another narcotics user, Wayne Honsinger. Honsinger was attempting to obtain heroin for informant Harnish and gave defendant Harnish's telephone number, requesting defendant call Harnish.

Defendant did call Harnish on December 26, 1974, and asked him if he had money to make a heroin buy. The transaction in question occurred at Harnish's home shortly afterward in the presence of Trooper Palmer.

At trial, the only defense brought to the charged offense was entrapment. Defendant moved after the prosecution's proofs to introduce the defense, but the trial court denied the motion. During defendant's proofs, he testified that he agreed to supply Harnish primarily because Harnish and his wife were both "very sick" from need of the drug. However, defendant also admitted that not all of the half gram Harnish requested was for personal use. Half of the quantity procured for Harnish was to be sold by the informant to Palmer.

Defendant renewed his motion to offer the entrapment defense at the close of his proofs. The trial court again denied the motion. Defense counsel later requested an instruction on entrapment for the jury, but that request was also denied. On appeal, defendant alleges various errors. We need discuss only one.

Defendant argues that reversible error occurred

when the trial court denied him an opportunity for evidentiary hearing on the entrapment defense. We agree.

Much new law on the entrapment question has issued from this Court in recent months. *People v Flansburgh,* 71 Mich App 1; 246 NW2d 360 (1976), *People v Cancino,* 70 Mich App 90; 245 NW2d 414 (1976), *People v Keefe,* 69 Mich App 431; 245 NW2d 78 (1976). However, all of these decisions must be viewed in light of the pending appeal, in the Michigan Supreme Court, of *People v Sheline,* 64 Mich App 193; 235 NW2d 177 (1975), *lv granted,* 395 Mich 817 (1975).

Until the Supreme Court determines exactly what kind of entrapment hearing is necessary, we choose to follow the approach used in *People v Keefe, supra.* In that case, the prosecution principally relied upon testimony of the chemist who analyzed the drug and the informer who secured the drug from defendant Keefe. She did not testify. After the parties had rested, defense counsel moved for a directed verdict on grounds of entrapment as a matter of law. The motion was denied. No separate entrapment hearing was held.

On appeal, Judge GILLIS simply ruled that this Court would require the *Walker*-type[1] hearing suggested by *Sheline* unless and until the Supreme Court decides otherwise on the *Sheline* appeal. Accord, *People v Flansburgh, supra.* We feel this course a wise one.

Therefore, we order a *Walker*-type hearing. Defendant must there establish entrapment by a preponderance of the evidence. *People v Stanley,* 68 Mich App 559, 569–570; 243 NW2d 684 (1976). If the trial court determines at that time that

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

entrapment exists, then defendant will be discharged. If the court finds no entrapment as a matter of law, then the conviction stands affirmed.

Remanded for proceedings specified in this opinion. We retain no further jurisdiction.