PEOPLE v KVAM

Docket No. 82627. Submitted May 12, 1986, at Lansing. Decided
March 20, 1987.

Michael A. Kvam was convicted of three counts of first-degree
murder following a jury trial in Oakland Circuit Court, George
H. LaPlata, J. Defendant appealed.

The Court of Appeals *held:*

1. The corpus delicti of first-degree premeditated murder
consists of only two elements; the death of the victim and some
criminal agency as the cause. Accordingly, the prosecution does
not need to establish premeditation independent of the defen-
dant's confession in order to present evidence sufficient to bind
the defendant over on a first-degree murder charge.

2. There was sufficient evidence from which the jury could
find that defendant committed the homicides with premedita-
tion and deliberation.

3. Defendant's statements were properly admitted into evi-
dence, since defendant initiated the discussions which resulted
in the statements and his waiver of both his Fifth and Sixth
Amendment rights was voluntary, knowing and intelligent.

4. No error mandating reversal resulted from the jury selec-
tion process.

5. The trial court properly admitted the evidence of defen-

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*; 778.

Am Jur 2d, Continuance §§ 1-3, 43, 45, 46.

Am Jur 2d, Criminal Law §§ 551-552, 554, 908.

Am Jur 2d, Evidence §§ 363-366, 543-545, 1134, 1135.

Am Jur 2d, Homicide §§ 4, 284, 285, 439.

Modern status of the rules requiring malice "aforethought," "delib-
eration," or "premeditation," as elements of murder in the first
degree. 18 ALR4th 961.

What constitutes "custodial interrogation" within rule of Miranda v
Arizona requiring that suspect be informed of his federal consti-
tutional rights before custodial interrogation. 31 ALR3d 565.

dant's prior bad acts for the purpose of establishing premeditation.

6. The admission of a hearsay statement made by the codefendant was harmless error.

7. Defendant failed to preserve the question of the propriety of the prosecutor's closing argument.

8. No error arose from the failure of the trial court to grant a continuance sua sponte when the prosecutor indicated that he intended to use a letter written by defendant. Defense counsel's decision not to seek a continuance was a matter of trial strategy.

9. The trial court properly admitted the evidence relating to defendant's acts of criminal sexual conduct upon the victims prior to their deaths for the purpose of establishing premeditation and deliberation.

10. It was error for the trial court to order the three life sentences to run consecutively.

Affirmed, but remanded for resentencing.

1. Homicide — First-Degree Murder — Corpus Delicti — Confessions.

The corpus delicti of first-degree premeditated murder consists of two elements: the death of the victim and some criminal agency as the cause; accordingly, the elements of premeditation and deliberation need not be proven aliunde the defendant's confession.

2. Homicide — First-Degree Murder — Premeditation.

Premeditation and deliberation may be inferred from the weapons used, the location of the wounds inflicted, the circumstances surrounding the killing, the previous relationship between the killer and the victim and the actions of the killer before and after the crime.

3. Criminal Law — Right to Counsel — Request at Arraignment — Waiver.

A defendant may not be interrogated by the police following a request for counsel before an arraigning magistrate until counsel has been made available; where a defendant chooses to reinitiate communications, exchanges, or conversations with the police, he must be sufficiently aware of his Fifth and Sixth Amendment rights to counsel to effectuate a knowing and intelligent waiver (US Const, Ams V, VI; Const 1963, art 1, §§ 17, 20).

4. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS OF CONFESSION.

The voluntariness of a confession must be determined from all of the facts and circumstances, including the duration of detention, the manifest attitude of the police toward the prisoner, the physical and mental state of the prisoner, and the pressures which affect the prisoner's powers of resistance and self-control.

5. CRIMINAL LAW — TRIAL — DEFENDANT'S PRESENCE.

The proper test for determining whether a defendant's absence from a part of a criminal trial requires reversal of his or her conviction is whether there is any reasonable possibility of prejudice.

6. CRIMINAL LAW — EVIDENCE — PRIOR ACTS.

Evidence of prior bad acts of a criminal defendant is admissible to show motive or intent, even if those prior bad acts would constitute another crime.

7. CRIMINAL LAW — APPEAL — PRESERVING QUESTION.

Failure of a defendant to object to allegedly improper comments made by the prosecutor during closing argument precludes appellate review unless a miscarriage of justice will result.

8. TRIAL — CONTINUANCES — PRESERVING QUESTION.

A trial court has no duty to grant a continuance on its own motion; absent a motion for continuance at trial, the Court of Appeals will not review on appeal the question of whether a continuance should have been granted.

9. HOMICIDE — SENTENCING — CONSECUTIVE SENTENCES.

It is error to give consecutive life sentences where the defendant is convicted of more than one count of first-degree murder arising out of the same transaction or occurrence, since there is no statutory authority for consecutive sentences under those circumstances.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*John D. Lazar,* for defendant on appeal.

Before: D. F. WALSH, P.J., and SULLIVAN and
N. A. BAGULEY,* JJ.

PER CURIAM. Following a jury trial, defendant
was convicted of three counts of first-degree mur-
der, MCL 750.316; MSA 28.548. Defendant was
tried simultaneously with his co-felon, William
Fischer, but before separate juries. Defendant was
sentenced to three consecutive terms of life impris-
onment. Defendant appeals as of right, raising
numerous claims of error. We affirm defendant's
convictions, but remand for correction of sentence.

In the early morning hours of July 7, 1984,
Orbin Bray, Jr. returned to his home where he
discovered the bodies of his wife, JoAnn Bray, his
niece, fifteen-year-old Wendy Lovell, and his
daughter, nine-year-old Chastity Bray. Each of
victims had been repeatedly stabbed. Bray identi-
fied defendants Kvam and Fischer as suspects, and
the defendants were arrested later that day. De-
fendant subsequently made multiple statements
concerning the homicides. Although the state-
ments varied in detail, all of the statements indi-
cated that Kvam and Fischer were responsible for
the three homicides.

On appeal, defendant first claims that there was
insufficient evidence of premeditation aliunde his
statements to bind him over on charges of first-
degree murder. Defendant argues that the corpus
delicti of each element of the crime must be estab-
lished by evidence aliunde the confession of the
accused. Defendant claims that the only evidence
of premeditation presented at the preliminary ex-
amination was his statements; thus, the district
court judge improperly bound him over on charges
of first-degree murder and the circuit court erred
in denying his motion to quash the information.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In *People v Williams,* 422 Mich 381, 391-392; 373 NW2d 567 (1985), our Supreme Court rejected this Court's position that the corpus delicti rule requires that each element of a crime must be established by evidence other than the accused's own statements. The Court specifically held "that the corpus delicti of first-degree premeditated murder consists of two elements: the death of the victim and some criminal agency as the cause." 422 Mich 392.

Defendant does not dispute that independent evidence established the deaths of the victims or that their deaths were due to homicide. We find that the prosecutor complied with the corpus delicti rule in this instance. Defendant was properly bound over for trial on charges of first-degree murder.

Defendant next argues that the circuit court erred by submitting the question of premeditation to the jury because there was insufficient evidence of premeditation as a matter of law. We disagree. Premeditation and deliberation may be inferred from the weapons used, the location of the wounds inflicted, the circumstances surrounding the killing, the previous relationship between the killer and the victim, and the actions of the killer before and after the crime. *People v Bauman,* 332 Mich 198, 205; 50 NW2d 757 (1952); *People v Brown,* 137 Mich App 396, 407; 358 NW2d 592 (1984). The evidence presented here indicated that the defendant knew the victims and had reason to seek revenge on the Bray family. Defendant's statements and actions before the homicides indicated that Kvam and Fischer intended to do harm. There was evidence that defendants went to Fischer's house in order to obtain Kvam's knife before going to the Bray home. The weapons used were inherently dangerous instruments, and the wounds

inflicted upon the victims were primarily directed toward vital organs. Further Kvam and Fischer's actions after the homicides indicated a deliberate and organized gathering and disposal of evidence which would connect them to the crime. We find that there was ample evidence from which the jury could reasonably infer that the element of premeditation had been proven beyond a reasonable doubt. See *People v Irby*, 129 Mich App 306, 322-323; 342 NW2d 303 (1983). Further, these circumstances were not negated, as a matter of law, by the evidence presented by defendant concerning diminished capacity. The diminished capacity defense is merely one aspect of whether a defendant has the requisite intent. *People v Jones*, 151 Mich App 1, 5-6; 390 NW2d 189 (1986). The trial court did not err in submitting the question of premeditation to the jury.

Defendant also argues that the trial court erred by admitting defendant's July 10, 1984, statement into evidence. Defendant requested court appointed counsel at his arraignment on July 9, 1984, and thus invoked his Sixth Amendment right to counsel. On July 10, 1984, defendants Kvam and Fischer made a joint statement concerning the homicides. Defendant Kvam argues that his July 10, 1984, statement was admitted in violation of his Sixth Amendment right to counsel. Defendant asserts that, while he may have effectively waived his Fifth Amendment rights pursuant to the *Miranda*[1] warnings, he had not waived his broader Sixth Amendment rights. We disagree.

Shortly after defendant's trial concluded, our Supreme Court decided *People v Bladel (After Remand)*, 421 Mich 39; 365 NW2d 56 (1984), aff'd

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

sub nom *Michigan v Jackson,* 475 US —; 106 S Ct 1404; 89 L Ed 2d 631 (1986). In *Bladel* our Supreme Court sought to delineate and distinguish the scope of an individual's Fifth and Sixth Amendment rights to counsel. The *Bladel* Court concluded that a defendant's Sixth Amendment right to counsel is subject to broader protections than defendant's Fifth Amendment right to counsel; thus, following a defendant's request for counsel at arraignment, a valid waiver of a defendant's Sixth Amendment rights cannot be based solely upon a waiver of *Miranda* rights. *Bladel, supra,* p 65. The Court then concluded that once an accused requests counsel at arraignment no further interrogation can be conducted until counsel has been made available to the accused, unless the accused initiates further communications. If an accused chooses to initiate communications, the accused must be sufficiently aware of both his Fifth and Sixth Amendment rights to effectuate a voluntary, knowing, and intelligent waiver of such rights. *Bladel, supra,* p 66.

Although *Bladel* had not been decided at the time of defendant's trial, the trial court properly determined that defendant had initiated the July 10, 1984, statement; thus, the first prong of the *Bladel* test was satisfied. Although the trial court did not rule regarding the second prong of the *Bladel* test, we have thoroughly reviewed the record on appeal and conclude that the second prong of the *Bladel* test was satisfied in this instance. The defendant's July 10, 1984, statement was properly admitted at trial.

Defendant also challenges the trial court's finding that his July 7, 1984, and July 10, 1984, statements were voluntary and admissible. When

reviewing a trial court's findings in a *Walker*[2] hearing, this Court must examine the entire record and make an independent determination on the issue of voluntariness. *People v Robinson,* 386 Mich 551, 557; 194 NW2d 709 (1972). However, the trial court's findings will not be reversed unless they are clearly erroneous. *People v Fuqua,* 146 Mich App 250, 257; 379 NW2d 442 (1985). A finding is considered to be clearly erroneous if this Court is left with a definite and firm conviction that a mistake has been made. *People v McGillen #1,* 392 Mich 251, 257; 220 NW2d 677 (1974). The voluntariness of a confession must be determined from all of the facts and circumstances including the duration of detention, the manifest attitude of the police toward the prisoner, the physical and mental state of the prisoner, and the pressures which affect the prisoner's powers of resistance and self-control. *People v Belknap,* 146 Mich App 239, 241; 379 NW2d 437 (1985). We have examined the circumstances surrounding both defendant's July 7 and July 10 statements and conclude that the trial court's finding that the statements were voluntary was not clearly erroneous. The record clearly supports the trial court's finding of voluntariness. The trial court did not err in ruling that the statements were admissible.

Defendant asserts that he was denied a fair trial because his jury was selected from the same panel as the Fischer jury. Defendant argues that he was denied due process because neither he nor defense counsel was present during voir dire of the jury panel for selection of the Fischer jury. Following the *Walker* hearing, selection of defendant Fischer's jury began. Defendant Kvam and his counsel were absent from the courtroom during the selec-

---

[2] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

tion of the Fischer jury. Defendant Kvam's jury was subsequently selected from the same panel. Contrary to defendant Kvam's argument on appeal, no objection was lodged to this procedure, defense counsel simply refused to stipulate that no prejudice resulted from the use of the single panel to select both juries. The selection of Kvam's jury was routine, and the defendant expressed his satisfaction with the jury before it was sworn.

Basic to procedural due process is the right of the defendant to be present at trial. This right extends to voir dire and selection of the jury. *People v Mallory,* 421 Mich 229, 247; 365 NW2d 673 (1984). However, in the instant case, defendant Kvam does not claim that he was excluded from selection of his own jury, but that he should have been present during the selection of the Fischer jury.

Even assuming that defendant's contentions that he should have been present at jury selection in the Fischer case and that his jury should have been selected from another panel are correct, no error occurred. The appropriate test for determining whether a defendant's absence from part of a criminal trial resulted in error requiring reversal is whether there is any reasonable probability of prejudice. *People v Morgan,* 400 Mich 527, 536; 255 NW2d 603 (1977), cert den sub nom *Cargile v Michigan,* 434 US 967 (1977), reh den 434 US 1041 (1978). Under the circumstances of this case, we find no reasonable probability of prejudice; thus, no error mandating reversal occurred.

Defendant next challenges the admissibility of certain evidence at trial. Defendant argues that the evidence of his participation in a previous stabbing and the evidence that he engaged in criminal sexual conduct against the three victims was improperly admitted at trial because the evi-

dence had no probative value and was highly prejudicial. We disagree. Although evidence of other bad acts is not admissible to show a defendant's character and resultant propensity for crime, MRE 404(b), evidence of other bad acts is admissible to show motive or intent, even if the bad acts would constitute another crime. *People v Chism,* 390 Mich 104, 119; 211 NW2d 193 (1973). The evidence which defendant claims was improperly admitted was highly probative of both defendant's motive for killing the victims and the element of premeditation. In addition, the jury was properly instructed on the special and limited purpose of the evidence. In this instance, we find that the probative value of the evidence was not outweighed by its prejudicial effect. The trial court did not abuse its discretion by admitting the evidence.

Next, defendant argues that his right of confrontation was violated by the interjection of a hearsay statement purportedly made by defendant Fischer to Fischer's brother concerning defendant Kvam's stabbing of three people and that, accordingly, the trial court should have granted a mistrial. Defense counsel objected to the statement at trial and his objection was sustained. No request for a cautionary instruction or a mistrial was made. Although such testimony was inadmissible and violative of Kvam's right to confrontation, its inadvertent interjection into the proceedings does not constitute an error which mandates reversal. See *Bruton v United States,* 391 US 123, 126, 128, 135; 88 S Ct 1620; 20 L Ed 2d 476 (1968). In this instance, defendant Kvam did not contend that he had not killed the victims, rather, his sole defense was that he lacked the capacity to premeditate the murders. Under these circumstances, the inadvertent refer-

ence to the hearsay statement was harmless error and does not constitute grounds for reversal.

In his eighth issue on appeal, defendant sets forth two challenges to the prosecutor's closing argument. First, defendant argues that the prosecutor repeatedly referred to the evidence of criminal sexual conduct against the victims for the purpose of prejudicing the jury against the defendant. Second, defendant argues that the prosecutor improperly infringed on defendant's right to remain silent by arguing that there was no evidence to indicate that the extrajudicial statements given by defendant Kvam were untrue. Defendant failed to object to the prosecutor's closing argument; thus, absent a miscarriage of justice, appellate review is precluded. *People v Matthews,* 143 Mich App 45, 59; 371 NW2d 887 (1985). We have reviewed the prosecutor's closing argument and find defendant's claims of error to be without merit. The remarks of the prosecutor of which defendant now complains constituted proper comment on the evidence. Further discussion of the issue is not warranted.

Defendant next asserts that he was denied a fair trial because defense counsel was not afforded adequate time to prepare to counter certain "surprise" evidence. This surprise evidence was a letter written by defendant Kvam to defendant Fischer which further implicated Kvam and exculpated Fischer. The record indicates that the prosecutor was unaware of the existence of the letter until just prior to trial. The prosecutor promptly informed defense counsel of the existence of the letter and his intent to use the letter at trial. Although the prosecutor repeatedly offered to defer the admission of the letter to allow defendant Kvam more time to prepare his defense, the offer was rejected. Despite defendant's expression

of his readiness for trial, admission of the letter was deferred for several days.

Defendant argues on appeal that the trial court should have sua sponte ordered a continuance to allow defense counsel time to prepare. A trial court has no duty to grant a continuance on its own motion. *People v Lakin,* 30 Mich App 441, 445; 186 NW2d 867 (1971). Absent a motion for a continuance at trial, this Court will not review the issue on appeal. *People v Padula,* 34 Mich App 302, 305; 191 NW2d 73 (1971), lv den 385 Mich 782 (1971). Thus, we decline to further review defendant's ninth claim of error.

Defendant also asserts that he was denied effective assistance of counsel due to defense counsel's "failure to more articulately demand a continuance." The record, however, clearly indicates that defendant's counsel was not inartful in seeking a continuance, but rather affirmatively rejected the need for a continuance. Defense counsel did not inadvertently neglect his duties. Rather, he consulted with his client and decided that they were capable of explaining the letter. Defense counsel subsequently argued that the letter fit the pattern of Kvam's increasing willingness to absolve Fischer of blame. This argument in turn supported Kvam's argument of lack of capacity to commit first-degree murder, as he was psychologically under the control of Fischer. Defense counsel's decision not to seek a continuance was purely a matter of trial strategy. This Court will not substitute its judgment for that of defense counsel on matters of trial strategy. *People v Carr,* 141 Mich App 442, 451-452; 367 NW2d 407 (1985). In our opinion defendant was not denied effective assistance of counsel. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977).

Defendant further argues that the cumulative

effect of the numerous errors deprived him of a fair trial. Although a single error in a case may not necessarily provide the basis for reversal, it is possible for the cumulative effect of a number of minor errors to require reversal. *People v McCoy,* 392 Mich 231, 240; 220 NW2d 456 (1974); *People v Morris,* 139 Mich App 550, 563; 362 NW2d 830 (1984). The test to determine whether reversal is required is not whether there are some irregularities, but whether defendant has had a fair trial. *People v Smith,* 363 Mich 157, 164; 108 NW2d 751 (1961); *People v Skowronski,* 61 Mich App 71, 77; 232 NW2d 306 (1975). Our review of the record leads us to conclude that defendant received a fair trial. Reversal is not warranted.

Defendant next argues that the trial court erred by instructing the jury that evidence of criminal sexual conduct could be considered in determining whether the murders were premeditated. The evidence regarding criminal sexual conduct was admitted for the purpose of showing one of the defendant's possible motives for killing the three victims. The jury was properly instructed on the limited purpose of the evidence. Evidence of motive is relevant, and, even where the evidence of motive is evidence of another crime, it is admissible. *People v Flynn,* 93 Mich App 713, 721; 287 NW2d 329 (1979), lv den 409 Mich 852 (1980). Contrary to defendant's contention, evidence of motive is material in proving premeditation and deliberation. *People v Wells,* 102 Mich App 122, 128-129; 302 NW2d 196 (1980), lv den 411 Mich 980 (1981). We find that the evidence of the criminal sexual conduct was properly admitted by the trial court under MRE 404(b) and considered by the jury to show motive and intent. No error mandating reversal occurred.

Although defendant has not raised a claim of

error regarding sentencing, we chose to review the sentences imposed. It is the established policy of this state that sentences are to be served concurrently. *People v Diamond,* 70 Mich App 512, 515; 245 NW2d 809 (1976). A consecutive sentence may not be imposed except when specifically authorized by statute. *People v Waterman,* 140 Mich App 652, 653; 364 NW2d 780 (1985). We find no statutory basis authorizing the imposition of three consecutive life sentences for the crimes at issue here. Thus, we remand to the circuit court in order that the circuit court may file a corrected judgment of sentence imposing three concurrent terms of mandatory life imprisonment without parole.

Affirmed, but remanded for correction of sentence.