PEOPLE v THOMAS

Docket No. 100847. Submitted August 8, 1988, at Detroit. Decided January 18, 1989.

On the basis of information supplied by a confidential informant, the police obtained a search warrant to search the Shadow Box Lounge in Detroit. Following execution of the search warrant, charges of possession of cocaine or, in the alternative, possession with intent to deliver cocaine were filed against Darryl Thomas and Reginald Thomas in Detroit Recorder's Court. Defendants filed a motion to produce and disclose the informant for either an evidentiary hearing or an in camera inquiry. The police were unable to locate the informant. Defendants then questioned the existence of the informant. The court, George W. Crockett, III, J., order and the prosecution to produce the informant for an in camera inquiry. Further attempts to locate the informant were unsuccessful and the prosecution requested that it be allowed to present evidence that would verify the existence of the informant. The court made clear that it would be satisfied only if the prosecution produced the informant, but permitted the parties to stipulate that eight other witnesses would testify to the existence of the informant and that the informant told them the things contained in the affidavit of the informant. The court then dismissed the case without prejudice because the informant had not been produced. The people appealed.

The Court of Appeals *held:*

1. The trial court erred in ordering the production of the informant and in dismissing the charges against defendants without first hearing the testimony of the prosecution's proposed witnesses and determining their credibility.

2. The court failed to follow the proper procedure when considering a defendant's challenge to the existence of an

REFERENCES

Am Jur 2d, Searches and Seizures §§ 64-66.

Propriety of considering hearsay or other incompetent evidence in establishing probable cause for issuance of search warrant. 10 ALR3d 359.

informant. Before requiring production of an informant, a court should conduct an evidentiary hearing.

3. Remand for an evidentiary hearing before a different judge is ordered.

Reversed and remanded.

1. Searches and Seizures — Warrants — Informants — Production of Informants.

Disclosure of an informant's identity is required when such disclosure is essential to a fair determination of a cause; hence, a trial court can exercise its discretion to require production of an informant who allegedly supplied police with information which led to the issuance of a search warrant when a defendant claims that the informant does not exist.

2. Searches and Seizures — Warrants — Informants — Production of Informants — Evidentiary Hearings.

A court when considering a defendant's challenge to the existence of a police informant should conduct an evidentiary hearing before requiring production of the informant; after the hearing if the judge is convinced that the officer involved is being truthful regarding the existence of the informant, he should deny the defendant's request for production, and if the judge determines that there is some doubt as to the officer's credibility, he may require production of the informant.

3. Searches and Seizures — Warrants — Credibility of Affiant.

A court abuses its discretion by resolving the issue of the credibility of the affiant of a search warrant and the witnesses who support the affiant solely on the basis of a prior experience with the affiant, especially when the court has not observed the witnesses testify.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *John L. Thompson,* Deputy Chief, Special Operations, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Blank,* for Reginald Thomas.

*Cornelius Pitts,* for Darryl Thomas.

Before: Sullivan, P.J., and Hood and J. B. Bruff,* JJ.

Per Curiam. The people appeal as of right the Recorder's Court order dismissing the charges of possession of cocaine or, in the alternative, possession with intent to deliver cocaine, MCL 333.7401; MSA 14.15(7401), MCL 333.7403; MSA 14.15(7403), then pending against defendants, brothers Darryl and Reginald Thomas, for the prosecution's failure to comply with a court order to produce an informant. We reverse.

The charges were filed against defendants following the execution of a search warrant by agents of the Wayne County Task Force at the Shadow Box Lounge in Detroit. In the affidavit accompanying the search warrant, the affiant, Captain Melvin Turner, relied on information obtained from a confidential informant. The informant had made controlled drug purchases at the Shadow Box from defendant Reginald Thomas; defendant Darryl Thomas was also present during some of the transactions. The affidavit contained the informant's allegations that Reginald said he and his brother Darryl owned the Shadow Box.

Defendants made a motion to produce and disclose the informant for either an evidentiary hearing or an in camera inquiry. In support of the motion, defendants filed affidavits. Reginald's affidavit provided that he had never sold cocaine at the Shadow Box Lounge nor told anyone that he and Darryl owned the lounge. Darryl's affidavit provided that he had never observed Reginald sell cocaine. Defendants argued that their affidavits cast doubt on the existence of the informant or, if the informant existed, whether the informant ac-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

tually supplied the affiant with the information contained in the affidavit.

Following a hearing, the trial court denied defendants' motion to disclose and produce the informant for an evidentiary hearing, but granted defendants' motion to produce the informant for an in camera inquiry before only the court and a court reporter.[1] The court doubted the affiant's credibility based on a previous experience:

> Quite frankly, I wanted to avoid saying it. I'll say it now on the record, but—this affiant has in a previous instance alleged that an informant gave him some information. He was reluctant to produce the informant, did so only upon order of the Court, and after some substantial and several delays.
>
> Upon production of that informant, and upon examination of that informant by this Court on a suppressed record, this Court was satisfied that that alleged informant at no time gave any such information to Mr. Turner or anybody else on earth, and took what it deemed to be the appropriate action.
>
> Now, whether an informant exists or not, I don't know. Whether the informant, if exiting [sic], said anything like this affiant says he said, I don't know. But I intend to find out.

Over the next several months, many hearings were conducted. Both the prosecutor's and the affiant's attempts to locate the informant were unsuccessful. During subsequent hearings, the prosecutor asked if he could present evidence that would verify the existence of the informant and the information contained in the affidavit. Although the court agreed with the prosecutor that the prosecutor should be permitted to make a

---

[1] The people filed an interlocutory delayed application for leave to appeal which was denied by this Court.

record and receive an objective evaluation of witnesses, the court made clear, several times, that it would only be satisfied if the prosecutor produced the informant. In one instance, the court stated that it would not preclude the prosecutor from presenting evidence, but also told the prosecutor that "notwithstanding the number and nature of the testimony of persons you may produce in support of your position that such and [sic] informant does exist, maybe to the point that that informant said what he is alleged to have said, will not remove this Court's serious doubts as to the veracity of the information contained in that affidavit."

The court declined to disqualify itself sua sponte on the basis of its previous experience with the affiant. The court's comments also indicate that it did not view this matter as discretionary but, instead, as a matter of due process.

At one of the last hearings, Captain Turner testified regarding the existence of the informant, the informant's controlled drug purchases, the debriefing of the informant, and the officer's attempts to locate the informant. In order to save time, the court then suggested that the parties stipulate that eight other witnesses who were involved in the controlled drug purchases also would testify to the existence of the informant and that the informant told them the things contained in the affidavit. The parties so stipulated. Testimony as to additional efforts to locate the informant was placed both on the open record and an in camera record.

Later, the trial court dismissed the case without prejudice because the informant had not been produced, noting that documents are easily fabricated and, thus, are not probative.

We conclude that the trial court erred by order-

ing production of the informant and, more importantly, by dismissing the charges against defendants without first hearing the testimony of the prosecutor's proposed witnesses and determining their credibility.

Disclosure of an informant's identity is required when such disclosure is "essential to a fair determination of a cause." *Roviaro v United States,* 353 US 53, 60-62; 77 S Ct 623; 1 L Ed 2d 639 (1957); *People v Poindexter,* 90 Mich App 599, 608; 282 NW2d 411 (1979), lv den 407 Mich 876 (1979). Hence, a trial court can exercise its discretion to require production of an informant who allegedly supplied police with information which led to the issuance of a search warrant when a defendant claims that the informant does not exist. *Id.*

When considering a defendant's challenge to the existence of an informant, a court must follow the procedure outlined by this Court in *Poindexter:*

> To mandate an evidentiary hearing, defendant's attack must be more than conclusory, if possible, and must be supported by more than a mere desire to determine who the informant was. There must be specific allegations of deliberate falsehood or of reckless disregard for the truth. Those allegations must be accompanied by an offer of proof and should be accompanied by a statement of supporting reasons. Also, the defendant should furnish reliable statements of witnesses to support his claim, or satisfactorily explain their absence. If these requirements are met to the trial court's satisfaction and the statements challenged by the defendant are set aside but sufficient content still remains in the affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient to support a finding of probable cause, the defendant is entitled to an evidentiary hearing.
>
> At the hearing, the trial judge should question

the officer involved and consider any other relevant evidence offered by the prosecutor or the defendant. If the judge is convinced that the officer is being truthful regarding the existence of the informant, he should deny defendant's request for production. However, if the judge determines that there is some doubt as to the officer's credibility, he may require production of the informant. [*Poindexter,* 609-610, relying on *Franks v Delaware,* 438 US 154, 171-172; 98 S Ct 2674; 57 L Ed 2d 667 (1978).]

See also *People v Howey,* 118 Mich App 431, 435-437; 325 NW2d 451 (1982), lv den 418 Mich 882 (1983). Thus, before requiring production of an informant, a court should conduct an evidentiary hearing.

Here, the trial court failed to follow the procedure outlined in *Poindexter.* Assuming that defendants' affidavits, along with the court's question regarding the affiant's credibility based on a prior experience, were sufficient to mandate an evidentiary hearing, the court did not conduct a hearing prior to ordering that the informant be produced.

More importantly, the court dismissed the charges against defendants without first determining the credibility of the witnesses who would support the affiant's testimony and credibility. Even though the parties stipulated, at the court's suggestion, to the content of the proposed witnesses' testimony, the court nevertheless should have heard the proposed witnesses testify and, then, determined their credibility. In essence, the court rejected the veracity of not only the affiant but also the proposed witnesses and determined their credibility solely on the basis of the court's prior experience with the affiant and the fact that documents can be easily fabricated.

Although we agree with the trial court that

important rights of defendants were implicated by defendants' challenge to the existence of the informant, we conclude that the prosecution in this case was entitled to a more objective evaluation of its evidence supporting the affiant than it received. As we noted in *People v Johnson,* 83 Mich App 1, 11-12, n 7; 268 NW2d 259 (1978), "[i]f we do not force the trial court to create a record comprised of more than its subjective reaction to the testimony of both sides, we tacitly accede to whatever decision it makes."

Our decision is not intended to limit the discretion of the court or the parties' power to stipulate. However, where, as here, the credibility of the affiant is the determining factor, a court abuses its discretion by resolving the issue of the credibility of the affiant and the witnesses who support the affiant solely on the basis of a prior experience with the affiant, especially when the court did not observe the witnesses testify. Because the court failed to follow the procedure outlined in *Poindexter* and because it failed to afford the prosecutor a meaningful opportunity to present evidence supporting the affiant prior to dismissing the case, we reverse the trial court's dismissal.

Under the circumstances of this case, we remand for an evidentiary hearing before a different judge consistent with this opinion.

Reversed and remanded.