PEOPLE v KAGE

Docket No. 124876. Submitted October 2, 1991, at Lansing. Decided
February 3, 1992, at 9:50 A.M. In lieu of granting leave to
appeal, the judgment of the Court of Appeals is vacated, and
the case is remanded to that Court for further proceedings. 439
Mich 1015.

Jonathan D. Kage was convicted by a jury in the Oakland Circuit
Court, John N. O'Brien, J., of delivery of less than 50 grams of
cocaine and of conspiracy to deliver more than 50, but less than
224, grams of cocaine. He appealed.

The Court of Appeals *held:*

1. The trial court abused its discretion in denying the defen-
dant a new trial after he alleged bias on the part of a juror who
failed to disclose at voir dire that her son had been institution-
alized for drug use. A new trial is proper and appropriate
where, as in this case, testimony or affidavits are presented
confirming that matters have been falsely denied or concealed
on voir dire if those matters would establish a juror's incompe-
tency or disqualification or would lead a party to challenge the
juror, and if the testimony or affidavits are not proffered to
show misconduct of a juror or jury for the purpose of impeach-
ing the verdict. MCR 2.611(A)(1)(b).

2. The trial court, which had denied the defendant's request
for disclosure of the identity of a confidential informant, erred
in denying the defendant's subsequent motions before and
during trial for an evidentiary hearing concerning entrapment
allegedly involving the informant. Where disclosure of an
informant's identity is essential to a fair determination of a
defendant's guilt, the trial court should require disclosure.
Where an accused claims entrapment, the trial court should
conduct a separate evidentiary hearing to resolve the issue.

3. Each of the trial court's errors by itself does not require

REFERENCES

Am Jur 2d, Criminal Law §§ 202-206, 208; Depositions and Discov-
ery §§ 80, 461; New Trial §§ 138, 140, 217, 218, 224.

Modern status of the law concerning entrapment to commit narcot-
ics offense—State cases. 62 ALR3d 110.

Accused's right to, and prosecution's privilege against, disclosure of
identity of informer. 76 ALR2d 262.

reversal. However, their cumulative effect denied the defendant a fair trial, thereby requiring reversal. On remand and before a new trial, the trial court should interview the confidential informant in camera to determine whether the informant's identity should be disclosed. The court also should conduct an evidentiary hearing concerning entrapment.

Reversed and remanded.

1. CRIMINAL LAW — NEW TRIAL — JURY BIAS OR MISCONDUCT.

A new trial should be granted where testimony or affidavits are presented confirming that matters have been falsely denied or concealed by a juror on voir dire if those matters would establish the juror's incompetency or disqualification or would lead a party to challenge the juror, and if the testimony or affidavits are not proffered to show misconduct of a juror or the jury for the purpose of impeaching the verdict (MCR 2.611[A][1][b]).

2. CRIMINAL LAW — INFORMANTS — DISCLOSURE OF IDENTITY.

Where disclosure of an informant's identity is essential to a fair determination of a defendant's guilt, the trial court should require disclosure; if the informant's only activity was to introduce an undercover officer to the defendant, disclosure is not required.

3. CRIMINAL LAW — ENTRAPMENT — EVIDENTIARY HEARINGS.

Where an accused claims entrapment, the trial court must conduct a separate evidentiary hearing to resolve the issue.

*Frank J. Kelley*, Attorney General, *Gay Secor Hardy*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Michael J. Modelski*, Chief, Appellate Division, and *Robert C. Williams*, Assistant Prosecuting Attorney, for the people.

*Rudzki & Karpinsky, P.C.* (by *Jaroslaw P. Karpinsky*), for the defendant.

Before: MARILYN KELLY, P.J., and WAHLS and FITZGERALD, JJ.

FITZGERALD, J. Following a jury trial, defendant was convicted of delivery of less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)

(a)(iv), and of conspiracy to deliver between 50 and 224 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii) and MCL 750.157a; MSA 28.354(1). He was sentenced to imprisonment for five to twenty years. Defendant appeals as of right, raising several issues. Although we find that the errors complained of may not mandate reversal when standing alone, we conclude that the cumulative effect of the errors denied defendant a fair trial and we reverse.

I

For the sake of clarity, we address defendant's issues in an order other than presented in defendant's brief on appeal.

Defendant argues that the trial court abused its discretion in denying his motion for a new trial because a juror made misrepresentations during voir dire with regard to a history of drug problems in her family and she would have been dismissed had she been truthful. We find this argument to be meritorious.

MCR 2.611(A)(1)(b) authorizes motions for a new trial on the basis of jury bias or misconduct. The granting of a new trial on the ground that a juror was biased in favor of or against a particular party is discretionary with the trial court, and this Court reviews such a decision for an abuse of discretion. *Hunt v CHAD Enterprises, Inc,* 183 Mich App 59, 64; 454 NW2d 188 (1990).

It is proper and appropriate to grant a new trial where testimony or affidavits are presented confirming that matters have been falsely denied or concealed on voir dire if those matters would establish a juror's incompetency or disqualification or would lead a party to challenge the juror *and* if the testimony or affidavits are not proferred to

show misconduct of a juror or jury for the purpose of impeaching the verdict. *People v Graham,* 84 Mich App 663, 666-667; 270 NW2d 673 (1978).

During voir dire, the trial court asked the jury whether

> [a]ny of you [have] ever been involved in a case as a witness of a defendant or a complainant or anything that was in [sic] way similar to the case that we have here involving narcotics, possession or delivery or anything of that sort?
>
> * * *
>
> Undoubtedly, the bottom line is whether or not you have any emotional overlays or anything personal to you that you would carry into it that might cause you to have a problem doing the juror's job?

The trial court received no verbal response to its line of questioning.

Defendant's motion to set aside the verdict contained an affidavit from one of the jurors. The affidavit stated:

> On Friday during break, one woman revealed that she had a son who had spent the last three years in an institution as a vegetable from drugs. During deliberations, she said that because I did not have children, I did not know what it was like.

Defense counsel also submitted an affidavit indicating that had he been apprised of the juror's situation, he would have challenged her for cause.

A hearing was held on the motion to set aside the verdict on January 3, 1990. The trial court held:

> In this affidavit of the juror, it appears to the Court that she attempts to impeach her own ver-

dict, and in doing so sets out allegations that she has committed misconduct in violating the Court's instructions. I don't know what is motivating the lady, but she doesn't say that she wants to withdraw her conclusion, which she gave here in open court that she was satisfied beyond a reasonable doubt that the respondents were guilty. The motions will be denied.

We disagree with the trial court's decision regarding the purpose of the affidavit as it relates to this issue. The affidavit was not proferred to show misconduct of the jury for the purpose of impeaching its verdict.[1] Rather, the affidavit was proferred to establish that the matter that was concealed on voir dire would have led defense counsel to challenge the juror.

Here, the affidavit of a juror establishes that another juror was prejudiced in favor of the prosecution. Although the identity of the juror was never shown with any degree of certainty, we find the allegations in the affidavit to be compelling. Cf. *Hunt, supra* at 64. Defendant established that he would have challenged for cause or otherwise sought dismissal of the juror in question had the truth been revealed before trial. See *Graham, supra* at 668-669. Defendant would have grounds to challenge the juror for cause on the basis of the statements in the affidavit. MCR 2.511(D)(3).

II

Defendant next asserts that the trial court erred

---

[1] The trial court's decision was correct as it relates to an additional allegation in the affidavit that the jury foreman unduly influenced the jury's decision by stating that the defendant would "probably only do eight months in prison" and that the trial court would "make the jury deliberate for three days before accepting a hung verdict." Such an allegation is an attempt to show misconduct of the jury for the purpose of impeaching a juror's verdict.

in denying his numerous requests for an evidentiary hearing on the issue of entrapment. The motions were made before trial, at the start of trial, and after the prosecution had presented its proofs. We are unable to determine, from the record supplied to us, the trial court's reasons for denying defendant's motions for an evidentiary hearing. In moving for an evidentiary hearing at the close of the prosecution's proofs, defendant indicated that the only evidence that he would produce besides his own testimony would be that of the confidential informant. The trial court, having previously denied defendant's motion for disclosure of the confidential informant, denied the motion for an entrapment hearing upon learning that defendant had nothing other than his own testimony to present.

Following defendant's conviction, the trial court in effect decided the entrapment issue on the basis of the testimony of a police officer and of defendant. The court, accepting defendant's version of the events as true, found no entrapment.

We will address the denial of the motion for an entrapment hearing as well as the denial of the motion for disclosure of the identity of the informant together because the issues are intricately intertwined in this case. The trial court's denial of the motion for an entrapment hearing was in actuality based on its earlier ruling denying defendant's motion for disclosure of the informant's identity. Defendant wished to present testimony of the informant to support his claim of entrapment.

Where disclosure of an informant's identity is essential to a fair determination of a defendant's guilt, the trial court should require disclosure. *People v Thomas,* 174 Mich App 411, 416; 436 NW2d 687 (1989), quoting *Roviaro v United States,* 353 US 53, 60-62; 77 S Ct 623; 1 L Ed 2d 639

(1957). In deciding whether to disclose the identity of the informant, the public interest in protecting the flow of information must be balanced against an individual's right to prepare his defense. *Roviaro, supra* at 60-62. However, if the informant's only activity was to introduce an undercover officer to the defendant, disclosure of the informant is not required. *People v Tobey,* 60 Mich App 420, 424; 231 NW2d 403 (1975), aff'd 401 Mich 141; 257 NW2d 537 (1977).

According to defendant, the acts of the informant went beyond the introduction of "Walt," the undercover officer, to defendant. Defendant claims that the informant continued to harass him, encouraging him to deal with Walt, and told him that Walt had a gun and had friends who were dangerous. The trial court should have held a hearing in camera and outside defendant's presence to determine if the informant would give any testimony helpful to defendant's claim of entrapment. *People v Stander,* 73 Mich App 617, 621-622; 251 NW2d 258 (1976).

Further, defendant argues that error requiring reversal occurred when the trial court denied him an opportunity for an evidentiary hearing on the entrapment defense. We are seriously bothered by the trial court's repeated denial of defendant's requests for an evidentiary hearing in this case. Where an accused claims entrapment, the trial court must conduct a separate evidentiary hearing to resolve the issue. *People v Juillet,* 439 Mich 34, 61; 475 NW2d 786 (1991) (Opinion of BRICKLEY, J.); *People v Jamieson,* 436 Mich 61, 80; 461 NW2d 884 (1990); *People v Garza,* 73 Mich App 58, 60; 250 NW2d 520 (1976). Although one panel of this Court has held that failure to conduct an evidentiary hearing on entrapment is not error requiring reversal, *People v Cancino,* 70 Mich App 90, 95;

245 NW2d 414 (1976), the Supreme Court, in lieu of granting leave to appeal, remanded that case to the circuit court for consideration of the evidence on entrapment. 402 Mich 806 (1977). In its order, the Court cited *People v D'Angelo,* 401 Mich 167; 257 NW2d 655 (1977). In *D'Angelo,* the Court held:

> When the defendant raises the issue of entrapment, whether before or during trial, the appropriate procedure will require the trial court to conduct an evidentiary hearing in the jury's absence, procedurally similar to what the bench and bar of this state have come to know as the "*Walker* hearing" [*People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965)] in cases involving statements attributable to the defendant. Both the prosecution and the defendant will be free to present evidence. [401 Mich 177-178.]

The remedy provided by the Court in *D'Angelo* for the trial court's failure to hold an evidentiary hearing on the issue of entrapment was remand of the case to the trial court for determination of the issue of entrapment on the basis of the evidence adduced at trial. In the present case, following the proofs presented at trial, the court in effect followed the procedure pronounced in *D'Angelo.* The court determined that defendant's testimony was not worthy of belief and, even if truthful, did not establish entrapment. This decision was made, of course, without benefit of the testimony of the confidential informant. Under the circumstances presented here, where defendant requested an evidentiary hearing before trial, we conclude that the proper procedure would have been for the trial court to conduct a separate evidentiary hearing before trial.

Because we find that the cumulative effect of the errors denied defendant a fair trial, *People v*

*Kvam,* 160 Mich App 189, 201; 408 NW2d 71 (1987), we will not discuss the remainder of defendant's issues, which are unique to the trial and irrelevant to a retrial of the case.

On remand, the trial court is to conduct both an interview of the confidential informant in camera and an evidentiary hearing concerning the issue of entrapment.

Reversed and remanded for a new trial.