56  154
56  158
56  154
105  157

## The People v. John W. Scott.

*Presumption of error—Alienage of jurors.*

1. Error will not be presumed; it must be affirmatively made out.

2. The impaneling and final acceptance of a jury by a court, is a judicial determination that the jurors are competent; and if any objection to the qualifications of a juror is known to a party before such determination, it can not be raised afterward unless on exception to the overruling of a challenge.

3. In Michigan, a juror, like an elector, may be a foreigner not yet naturalized, but intending to be; the simple fact of alienage does not disqualify him, and nothing will be presumed against his right to act.

Error to the Recorder's Court of Detroit. (Swift, J.) January 20—January 28.

Information for falsely and fraudulently altering railroad tickets. Conviction affirmed.

Attorney General *Moses Taggart* for the People. One who by reason of alienage is not an elector, is not a qualified juror, and a trial before a jury composed in whole or part by such jurors would be a mistrial: *People v. Harding* 53 Mich. 48.; Howell's Statutes §§ 755⁴, 7555; *Hill*

*v. People* 16 Mich. 351; *Johr v. People* 26 Mich. 427; *Swart v. Kimball* 43 Mich. 443; but if trial is had without objection, it is supposed the defect was waived: *Bronson v. People* 32 Mich. 34.

*Edward S. Grece* for respondent. A respondent cannot waive his constitutional right to a jury of twelve citizens: *People v. Smith* 9 Mich. 193; *Underwood v. People* 32 Mich. 2; *Ward v. People* 30 Mich. 116; *Guykowski v. People* 1 Scam. 476; *Cancemi v. People* 18 N. Y. 128.

COOLEY, C. J. The respondent was convicted in the Recorder's court of Detroit of a felony. After conviction he made a motion for a new trial based upon affidavits that one of the jurors by whom he was convicted was born in Canada and had never been naturalized. There was no showing that the fact had come to the knowledge of the respondent subsequent to the impaneling of the jury, and no reason was given for not taking the objection to the juror by way of challenge before he was sworn. The Recorder assumed the truth of the fact stated in the affidavits, but held that it constituted no ground for a new trial, and proceeded to sentence. The respondent took exception to the ruling on the motion, and now brings the case here by writ of error.

The respondent relies upon the statute which requires jurors to have the qualifications of electors (How. Stat. § 7555), and upon the case of *Hill v. People* 16 Mich. 351, which was recognized as authority in *Johr v. People* 26 Mich. 430, and *Bronson v. People* 32 Mich. 34. But a very cursory examination of the statute shows that respondent fails to establish the fact that the juror did not have the qualifications of an elector. Error will not be presumed: it must be affirmatively made out; and there are in this State many electors of foreign birth who have never been naturalized. If the intention to become a citizen is declared in due form of law, and the other conditions of age, residence within the State and voting precinct for the proper length of time are found to exist, the statute (Const. Art. vii., § 1) confers the right of suffrage; and this juror for anything shown in the case may therefore be a lawful elector.

It will also appear, on reference to the case of· *Hill v. People*, that this case differs from that in the fact that in that case the disqualifying circumstance did not come to the knowledge of the accused until after the jury had been impaneled and when it was too late to take the objection by challenge. The fact was shown on the motion for a new trial; but nothing of the kind appears here. It is quite consistent with all the facts now shown that the respondent knew of the disqualification when the jury was called, and purposely reserved the objection until after he had taken the chances of an acquittal by the jury and found the result unfavorable.

It is said, however, on the part of the defense that this would be immaterial, because the accused has a constitutional right to a trial by jury, which must mean a qualified jury; and it is not competent for an accused party to waive a constitutional right in a criminal case. But the question here is not one of the waiver of rights; it is on the other hand a question of whether a competent tribunal has erred in dealing with rights. If a tribunal acts regularly, with competent jurisdiction of the particular case, the party is concluded; and a subsequent allegation that there has been deprivation of right is wholly inadmissible.

The competent and suitable tribunal for the determination of questions concerning the qualifications of jurors is the court in which a case is brought on for trial; and in criminal cases very liberal provisions are made in behalf of accused parties to bring objections to the notice of the court by challenges. Upon these challenges, if any are made, the court must judicially pass; and whether any are made or not, the court, in finally accepting and impanelling the jury, judicially determines that the several members are competent. The party has then had all his rights as respects the qualifications of the jurors preserved to him, and any allegation that any one of them is incompetent, except as it may be based on exception taken to the overruling of a challenge, is an allegation against an adjudged fact.

The notion that an accused party may at pleasure object

to the want of qualification in a juror for the first time after verdict against him has no more basis in law or reason than a like claim would have if applied to the main issue on the trial. Every accused party is entitled by the Constitution to a trial on the merits; and if he declines to produce his evidence when his case is brought on, he may on motion for a new trial allege his inability to waive a constitutional right with quite as much plausibility as this respondent does in this case. The conclusive answer would be that the case is passed to judgment; and the judgment determines that rights have been observed, and is in fact the conclusion of the competent tribunal in respect to them. Upon all rights claimed in the political society there must be some authority vested with powers of final judgment, and there must be rules to determine when and how the rights shall be claimed. If a party in any case fails to make his right appear until judgment has passed against him, the judgment if regular leaves nothing open to inquiry afterwards.

The exception in this case is without merit and the conviction must be affirmed.

The other Justices concurred.