**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED SEPTEMBER 24, 2002**

SHERYL BYNUM,

    Plaintiff-Appellee,

v                                                    No. 119005

THE ESAB GROUP, INC.,

    Defendant-Appellant.

_____

PER CURIAM

This product liability litigation has an extensive history. It is now before this Court on defendant's application for leave to appeal. We reverse the judgment of the Court of Appeals and the order of the circuit court that granted plaintiff's motion for new trial. The judgment of no cause of action is reinstated.

I

Plaintiff was injured in 1988 while operating a robotic welding system that was manufactured by defendant. The case has been tried three times. In the first trial, the jury

awarded plaintiff $50,000 for economic and noneconomic damages and reduced the award by finding that plaintiff had been partially at fault for her injuries. The trial court granted plaintiff's motion for a judgment notwithstanding the verdict regarding her negligence, and additur of $849,750 or a new trial. The trial court agreed with plaintiff that the comparative negligence verdict was contrary to the evidence. It ordered a new trial, limited to the issue of damages. At the conclusion of the second jury trial, a verdict in excess of $2 million was returned. The defendant appealed both the decision granting a second trial and the verdict of the second trial. The Court of Appeals held that the trial court did not err in granting a judgment notwithstanding the verdict, but said the second trial should not have been limited to determination of damages. The Court of Appeals ordered a new trial on all issues.[1] This Court denied the defendant's application for leave to appeal and the plaintiff's application for leave to appeal as cross-appellant.[2]

The matter was returned to the circuit court where a third trial was held. The jury returned a verdict of no cause of action. The plaintiff filed a motion for judgment

---

[1] Unpublished opinion per curiam, issued June 4, 1996 (Docket No. 173473).

[2] 455 Mich 865 (1997).

notwithstanding the verdict or, alternatively, for a new trial. The trial court granted the motion for a new trial following an evidentiary hearing on plaintiff's claim that several jurors failed to disclose racial biases.[3] The trial court reasoned that under MCR 2.611 a new trial was required because of juror misconduct even though the court could not and did not conclude that the jury verdict was tainted by the alleged undisclosed prejudice.

The defendant sought leave to appeal. The Court of Appeals granted defendant's application and stayed trial court proceedings pending resolution of the appeal.[4] Following submission of the case, the Court of Appeals affirmed the trial court's order granting a new trial.[5] The Court found no abuse of discretion in the trial court's ruling. No error was perceived in the trial court's crediting the testimony that jurors were biased, but failed to reveal that bias in voir dire. The Court said the bias would have provided a valid basis for a challenge for cause.

We review the trial judge's factual findings for clear

---

[3] The plaintiff and her trial attorney were African-Americans. There were no African-American jurors.

[4] Unpublished order, entered May 3, 1999 (Docket No. 218309). One judge dissented.

[5] Unpublished opinion per curiam, issued March 23, 2001 (Docket No. 218309).

error. *People v Attebury*, 463 Mich 662, 668; 624 NW2d 912 (2001). The decision to grant a new trial is reviewed for abuse of discretion. *Kelly v Builders Square, Inc*, 465 Mich 29, 34; 632 NW2d 912 (2001). Where the trial court misapprehends the law to be applied, an abuse of discretion occurs. *Miller v Varilek*, 117 Mich App 165, 170; 323 NW2d 637 (1982). We reverse and remand for reinstatement of the judgment on the jury verdict in the last trial.

## II

Jurors are presumed to be qualified. The burden of proving the existence of a disqualification is on the party alleging it. *People v Collins*, 166 Mich 4, 9; 131 NW 78 (1911). Voir dire is the process by which litigants may question prospective jurors so that challenges to the prospective jurors can be intelligently exercised. *People v Harrell*, 398 Mich 384, 388; 247 NW2d 829 (1976). Prospective jurors are subject to challenge for cause under MCR 2.511(D).[6]

---

[6] Presumably, had the matter been explored on voir dire in this trial, plaintiff would have relied on MCR 2.511(D)(3), (4), or (5), to challenge the jurors. The rules states:

> (D) Challenges for Cause. The parties may challenge jurors for cause, and the court shall rule on each challenge. A juror challenged for cause may be directed to answer questions pertinent to the inquiry. It is grounds for a challenge for cause that the person . . . :

> * * *

4

The voir dire in this case was of a general nature. The plaintiff's inquiries to the jury panel did not raise the question of racial prejudice, except for a passing mention by counsel about the desire not to have racial issues injected into the case. It was the duty of counsel to ferret out potential bases for excusing jurors. See *People v Scott*, 56 Mich 154; 22 NW 274 (1885). No challenges for cause were made to the three jurors who became the subject of plaintiff's motion for new trial. However, on the basis of a posttrial evidentiary hearing, the trial court determined that the three jurors lied during voir dire and found that misconduct to be flagrant. Without determining the effect on the verdict or whether counsel would have exercised challenges to the jurors if different answers had been given, the trial court concluded plaintiff was entitled to a new trial. We disagree.

### III

The jurors who were questioned at the evidentiary hearing averred that racial prejudice did "not in any way" affect the

---

    (3) is biased for or against a party or attorney;

    (4) shows a state of mind that will prevent the person from rendering a just verdict, or has formed a positive opinion on the facts of the case or on what the outcome should be;

    (5) has opinions or conscientious scruples that would improperly influence the person's verdict . . . .

verdict. Contrary to plaintiff's claims of bias against her, the record reveals that jurors commented sympathetically among themselves about the plight of the plaintiff. Plaintiff relied on the testimony of one juror who said she inferred from various comments that others on the jury panel possessed racial animus.[7] The trial court accepted, on the sole basis of this juror's testimony, plaintiff's claim that the three jurors concealed their racial animus during voir dire and that the animus had been palpable.[8]

Findings of fact are reviewed for clear error. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the whole record, is left with a definite and firm conviction that a mistake has been made. *Tuttle v Dep't of State Hwys*, 397 Mich 44, 46; 243 NW2d 244 (1976).

The sole testimony presented in support of plaintiff's

---

[7] Such comments consisted of the following: (a) One juror allegedly talked about being on the freeway in Los Angeles at the same time O. J. Simpson was being pursued. (b) One juror testified that defense counsel, an African-American, insulted another juror's intelligence by explaining the phrase "in lieu of." (c) One juror allegedly asked whether defense counsel, an African-American, thought he was Johnny Cochran. (d) One juror allegedly declined to discuss a John Grisham book, "A Time to Kill," characterizing it as a "racial book." (e) One juror allegedly observed that the mother of the plaintiff, who was an African-American, was white or "light complected."

[8] The complaining juror was one of two dissenting jurors in a six to two jury verdict.

claim of juror misconduct during voir dire came from a juror who was not able to point to specific comments of other jurors that evidenced racial animus. Rather, the juror relied on her subjective impressions of the motivations and meanings of the comments of the other jurors. In this regard, it is significant that the plaintiff's claim for a new trial is based on hearsay statements of jurors that are said to be indicative of possible bias. The challenged jurors, when questioned posttrial, denied such bias. The testimony of the single juror who said she perceived racial overtones in the comments of her fellow jurors comes perilously close to being the type of impeachment of a verdict found impermissible in *Shiner v Detroit*, 150 Mich App 420; 387 NW2d 872 (1986).

We also are concerned with the adequacy of the facts supporting the findings of the trial court. The categorical denial of bias by the challenged jurors was entitled to some weight, particularly when balanced against the tentative impression of the sole juror who alleged the presence of racial animus. The juror making the bias allegations was repeatedly asked for specific examples of the racial animus she attributed to her fellow jurors. She was unable to recall more than a few innocuous comments that do not demonstrate the level of racial animus that would have led to disqualification of the juror making the comment. Our review on the whole

7

record leaves us with a definite and firm conviction that a mistake has been made. The jurors were not asked during voir dire about their racial attitudes or if such attitudes would affect their ability to judge the case impartially. Further, absent proof of actual prejudicial effect on the verdict or proof that a challenge for cause would have been successful, it was an abuse of discretion to grant a new trial. *Citizens Commercial & Sav Bk v Engberg*, 15 Mich App 438; 166 NW2d 661 (1968), *McDonough Power Equipment, Inc v Greenwood*, 464 US 548; 104 S Ct 845; 78 L Ed 2d 663 (1984). As we have recently stated, a grant of a new trial is governed by MCR 2.611(A)(1). The rule clearly requires that a party seeking a new trial establish that substantial rights were materially affected. *Kelly, supra* at 38. No such determination or claim was made in this case.

There was no finding by the trial court that any juror lied during voir dire about racial bias. Absent a determination that juror misconduct occurred, MCR 2.611(A)(1)(b), the plaintiff cannot establish either actual prejudice under *Engberg* or that her substantial rights were materially affected as set forth in *Kelly*.[9] The grant of a new trial was contrary to the facts and the court rule and

---

[9] The trial court incorrectly relied on *People v Kage*, 193 Mich App 49; 483 NW2d 424 (1992), which was reversed by this Court, 439 Mich 1022 (1992).

8

thus an abuse of discretion.

IV

The order granting a new trial is reversed. The plaintiff's application for leave to appeal as cross-appellant is denied. We remand the case to the trial court for reinstatement of the judgment on the jury verdict.

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

CAVANAGH, J., concurred in the result only.

KELLY, J., would not decide this case by opinion per curiam, but would grant or deny leave to appeal.