684 N.W.2d 366 (2004)
261 Mich.App. 608
Shirley HAMILTON, personal representative of the Estate of Rosalie Ackley, Plaintiff/Cross-Appellee/Appellant, and
Blue Cross Blue Shield, Intervening Plaintiff,
v.
Mark F. KULIGOWSKI, D.O., Defendant/Cross-Appellant/Appellee.
Docket No. 244126.
Court of Appeals of Michigan.
Submitted April 6, 2004, at Lansing.
Decided April 22, 2004, at 9:05 a.m.
Released for Publication July 7, 2004.
*367 McKeen & Associates, P.C. (by Brian J. McKeen and Ramona C. Howard), Detroit, for Shirley Hamilton.
Smith Bovill, P.C. (by Stephan M. Gaus), Saginaw, for Mark F. Kuligowski, D.O.
Before: O'CONNELL, P.J., and JANSEN and MURRAY, JJ.
O'CONNELL, P.J.
Plaintiff[1] appeals as of right an order granting defendant's motion for a directed verdict. We reverse. According to the complaint defendant failed to identify the decedent as a high-risk stroke patient, "undertake a prompt work up" for stroke, and "make an urgent referral" after the decedent experienced pre-stroke symptoms. A jury trial commenced on April 30, 2002.
On the fourth day of trial, plaintiff called her standard-of-care expert, Dr. Arnold Markowitz, to the witness stand. Dr. Markowitz testified that he was board-certified in internal medicine. He also asserted that he had additional subspecialty training in the area of infectious diseases and that he devoted the majority of his medical practice to that subspecialty of internal medicine. At the conclusion of voir dire by defendant Dr. Markowitz, defendant asked the trial court to "strike Dr. Markowitz as an expert under MCL *368 600.2169." Defendant asserted that MCL 600.2169 requires an expert on standard of care to devote the majority of his active clinical practice in the same specialty and practice as the defendant physician. Defendant argued that he was a "board certified internist" with "a subspecialty in geriatrics," while the vast majority of Dr. Markowitz's clinical practice was "devoted to infectious disease." Because Dr. Markowitz did not devote a majority of his active clinical practice to the same subspecialty as defendant, defendant asserted that Dr. Markowitz's testimony was precluded under MCL 600.2169(1)(b)(i). The trial court agreed with defendant and ruled that Dr. Markowitz's testimony was precluded under MCL 600.2169(1)(b)(i).
On appeal, plaintiff argues that the trial court erred when it ruled that Dr. Markowitz was precluded by MCL 600.2169(1)(b)(i) from testifying and compounded that error when it granted defendant's motion for a directed verdict. We agree. We review for abuse of discretion a trial court's decisions regarding an expert witness's qualifications and the ultimate admissibility of the expert witness's testimony. Tate v. Detroit Receiving Hosp., 249 Mich.App. 212, 215, 642 N.W.2d 346 (2002).
The statutory provision governing expert witnesses in medical malpractice cases, MCL 600.2169, "contains strict requirements concerning the qualification of expert witnesses in medical malpractice cases." McDougall v. Schanz, 461 Mich. 15, 28, 597 N.W.2d 148 (1999). Specifically, MCL 600.2169(1)(b)(i) states that an expert witness must devote "a majority of his or her professional time" to the "active clinical practice of the same health profession" as the treating physician, and if the physician was a board-certified specialist, the time must be devoted to "the active clinical practice of that specialty." The statute "requires an expert witness to possess the same specialty as that engaged in by the defendant physician during the course of the alleged malpractice." Tate, supra at 220, 642 N.W.2d 346.
In this case, defendant specialized in internal medicine, with a special emphasis on geriatric medicine. Dr. Markowitz also specialized in internal medicine, he simply focused on the different subspecialty of infectious diseases. Dr. Markowitz carefully explained, and plaintiff confirmed with documentation, that the subspecialty "infectious diseases" was a more focused application of internal medicine, but internal medicine nonetheless. He repeatedly explained that his practice was still entirely within the ambit of internal medicine. Defendant makes much of Dr. Markowitz's testimony that an "internist has a broader scope" of practice and he was "not sure what the average internist sees day in or day out." These statements were taken out of context from Dr. Markowitz's attempts to explain his use of his specialty and refrain from making speculative comparisons of his practice to the practice of other internists with varying subspecialties. He testified that all his patients saw him because of his status as a specialist in internal medicine. He explained that an infectious-diseases subspecialty merely allowed him to do more for his patients than the internal medicine specialty could alone. Defendant did not dispute this testimony. Therefore, the record reflects that Dr. Markowitz devoted the majority of his professional time to the "active clinical practice" of defendant's internal medicine "specialty." The statute does not require more.
We decline defendant's invitation to graft a requirement for matching subspecialties onto the plain "specialty" language of MCL 600.2169(1). By holding plaintiff's expert witness to a higher standard than *369 the statute required, the trial court demonstrated its misapprehension of the law. Accordingly, the trial court abused its discretion when it struck Dr. Markowitz's testimony. Bynum v. ESAB Group, Inc., 467 Mich. 280, 283, 651 N.W.2d 383 (2002). It follows that the trial court also erred when it granted defendant's directed verdict motion, because the motion stemmed from the absence of Dr. Markowitz's testimony regarding the proper standard of care.[2]
Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] For purposes of this opinion, plaintiff refers only to the personal representative of the decedent's estate, Shirley Hamilton.
[2] While plaintiff's expert meets the requirements of the statute, he must still demonstrate that he can testify to the appropriate standard of care based on his "knowledge, skill, experience, training, or education...." MRE 702. We leave adjudication of this undecided issue to the trial court.