# STATE OF MICHIGAN

# COURT OF APPEALS

EMILY MARIE DUTY,

Plaintiff-Appellant/Cross-Appellee,

v

MARY FREE BED REHABILITATION
HOSPITAL,

Defendant-Appellee/Cross-
Appellant.

UNPUBLISHED
September 19, 2017

No. 332154
Kent Circuit Court
LC No. 12-007006-NO

Before: TALBOT, C.J., and O'CONNELL and CAMERON, JJ.

PER CURIAM.

Plaintiff, Emily Duty, appeals as of right the January 15, 2016 judgment of no cause of action on her claim for negligence, which was entered following a jury trial. Defendant, Mary Free Bed Rehabilitation Hospital (Mary Free Bed), cross-appeals the May 4, 2015 order denying its motion for summary disposition under MCR 2.116(C)(7) and (C)(10). We affirm the judgment of no cause of action.

In April 2009, an automobile accident rendered plaintiff a paraplegic. In June 2009, plaintiff was transferred to Mary Free Bed, a hospital that specializes in a wide range of rehabilitation services. Tracy Oostema, a physical therapist employed by Mary Free Bed, was assigned to plaintiff. On July 29, 2009, after plaintiff had already tried several wheelchairs, Oostema gave plaintiff a wheelchair with a J3 backrest. A J3 backrest is removable. The backrest, when placed in the brackets on the wheelchair's back canes, is automatically locked into place by latches on the brackets. It can only be removed if the latches are moved forward. Additionally, locking pins can be slid into the latches to prevent the latches from moving forward. The wheelchair that Oostema gave plaintiff did not have locking pins for the J3 backrest.

On August 12, 2009, when plaintiff woke up, the wheelchair was not in her room at Mary Free Bed. After plaintiff's mother inquired at the nurses' desk about the wheelchair, the wheelchair was brought to plaintiff's room. Plaintiff transferred herself to the wheelchair. She then conducted a "pressure relief," where she placed her hands on the wheelchair's wheels and pushed her body up. Plaintiff did not realize that the backrest fell off the wheelchair as she lifted herself up. When plaintiff lowered her body, she fell backwards and her head hit the floor.

-1-

Plaintiff did not dispute that the backrest fell off because the latches were not in the secured position. Oostema did not dispute that, if the wheelchair had locking pins for the backrest and had the locking pins been used, the backrest could not have fallen off the wheelchair.

Plaintiff sued Mary Free Bed for negligence. She claimed that, because the wheelchair did not have locking pins for the backrest, Oostema gave her a defective and dangerous wheelchair. Following a jury trial, a jury found that Mary Free Bed was not negligent, and the trial court entered a judgment of no cause of action.

On appeal, plaintiff argues that the trial court erred in denying her motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial on the ground that the verdict was against the great weight of the evidence. We review de novo a trial court's decision on a motion for JNOV. *Sniecinski v Blue Cross & Blue Shield of Mich*, 469 Mich 124, 131; 666 NW2d 186 (2003). The evidence and all legitimate inferences must be viewed in the light most favorable to the nonmoving party. *Id.* "A trial court should grant a motion for JNOV only when there was insufficient evidence presented to create an issue for the jury." *Attard v Citizens Ins Co of America*, 237 Mich App 311, 321; 602 NW2d 633 (1999). We review a trial court's decision on a motion for a new trial for an abuse of discretion. *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 498; 668 NW2d 402 (2003). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 531; 866 NW2d 817 (2014). When a party claims that the verdict is against the great weight of the evidence, we may not overturn the verdict unless the verdict is manifestly against the clear weight of the evidence. *Wiley*, 257 Mich App at 498. "The jury's verdict should not be set aside if there is competent evidence to support it." *Id.*

A negligence claim has four elements: duty, breach, causation, and damages. *Fultz v Union Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004). The general standard of care in negligence cases is "ordinary care," which is the care that a reasonably careful person would use under the circumstances. *Case v Consumers Power Co*, 463 Mich 1, 7; 615 NW2d 17 (2000). An employer can be held liable for the negligence of its employees. See *Trowell v Providence Hosp & Med Ctrs, Inc*, 316 Mich App 680, 696; 893 NW2d 112 (2016). The parties do not dispute that the jury, by finding that Mary Free Bed was not negligent, found that Oostema did not breach her duty to plaintiff.

Oostema could not remember if the wheelchair had locking pins for the backrest when she gave the wheelchair to plaintiff on July 29, 2009, but she accepted as true testimony from plaintiff and plaintiff's parents that the wheelchair did not have locking pins. Oostema acknowledged that, because the wheelchair did not have locking pins, there was a greater danger that the backrest would come off the wheelchair and that plaintiff would fall. Oostema also acknowledged that plaintiff would not have fallen out of the wheelchair had there been locking pins on the wheelchair and had the locking pins been used.

However, contrary to plaintiff's claim, Oostema never admitted that she was negligent in giving plaintiff a wheelchair that did not have locking pins for the backrest. Oostema testified that locking pins are a secondary locking mechanism and that the latches, which were not defective, locked the backrest into place. According to Oostema, because the backrest locked into place without locking pins, the wheelchair was not unsafe to use. Oostema also testified that she educated plaintiff about the parts of the wheelchair, including how to check that the backrest was locked into place. According to Oostema, on at least two occasions, plaintiff was able to take apart and put together the wheelchair. Plaintiff passed her wheelchair training, and she was occasionally able to leave Mary Free Bed in her wheelchair with her parents. Additionally, plaintiff testified that Oostema had shown her on several occasions how to take off and put on the backrest and that she had practiced taking the backrest off and putting it back on the wheelchair. Plaintiff knew that if the latches were "back," the backrest could not come off the wheelchair. Similarly, plaintiff's mother testified that she knew that plaintiff had received training on the backrest, and she herself knew that, if the latches were "down," the backrest was locked into place.

Also, contrary to plaintiff's claim, Diane Patzer, a physical therapist, never conceded that Oostema was negligent. Patzer testified that J3 backrests come with locking pins and that she talks with her patients about the pins. But she also testified that she would not recommend that a patient use locking pins if the patient intended to frequently remove the backrest. Moreover, upon being read the legal definition of negligence, Patzer testified that she did not believe that Oostema was negligent. According to Patzer, the wheelchair was not dangerous to use without locking pins for the backrest. Patzer explained that locking pins are a secondary locking mechanism, which are generally provided for wheelchair users who do not intend to frequently take off and put on the backrest, and that the latches are "very safe and absolutely sufficient" to keep the backrest locked into place.

The trial court did not err in denying plaintiff's motion for JNOV. The evidence, when viewed in the light most favorable to Mary Free Bed, does not establish that Oostema was negligent in giving plaintiff a wheelchair that did not have locking pins for the backrest. *Sniecinski*, 469 Mich at 131. Likewise, the trial court did not abuse its discretion in denying plaintiff's alternative request for a new trial on the basis that the verdict was against the great weight of the evidence. *Wiley*, 257 Mich App at 498. There was competent evidence, the testimony of Oostema and Patzer, that supported the verdict. *Id.*

Next, plaintiff argues that the trial court erred in denying her motion for a new trial on the basis that the presence of Juror Erin Willett materially affected her right to a fair trial. According to plaintiff, she is entitled to a new trial because (1) the trial court erred in denying her challenge for cause to Juror Willett, and (2) Juror Willett committed "misconduct" under MCR 2.611(A)(1)(b) when she failed to disclose that two of her Facebook friends were physical therapists at Mary Free Bed.[1] We review a trial court's decision on a motion for a new trial for

---

[1] Plaintiff also claims that Juror Willett failed to disclose that she was friends on Facebook with 30 physical therapists. However, while the printed Facebook pages that plaintiff presented to the trial court with her motion for a new trial showed that Juror Willett was friends on Facebook

-3-

an abuse of discretion. *Wiley*, 257 Mich App at 498. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Rental Props Owners Ass'n of Kent Co*, 308 Mich App at 531.

MCR 2.611(A)(1) provides in pertinent part:

A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:

(a) Irregularity in the proceedings of the court, jury, or prevailing party, or an order of the court or abuse of discretion which denied the moving party a fair trial.

(b) Misconduct of the jury or of the prevailing party.

Voir dire is the process by which the parties may question prospective jurors so that challenges to the prospective jurors can be intelligently exercised. *Bynum v ESAB Group, Inc*, 467 Mich 280, 283; 651 NW2d 383 (2002). It is counsel's duty to ferret out any potential bases for excusing prospective jurors. *Id.* at 284. The parties are entitled to truthful answers from prospective jurors during jury selection. *Gustafson v Morrison*, 57 Mich App 655, 663; 226 NW2d 681 (1975). Prospective jurors are subject to challenge for cause by the parties under MCR 2.511(D). *Bynum*, 467 Mich at 283. MCR 2.511(D) provides in pertinent part:

The parties may challenge jurors for cause, and the court shall rule on each challenge. A juror challenged for cause may be directed to answer questions pertinent to the inquiry. It is grounds for a challenge for cause that the person:

* * *

(2) is biased for or against a party or attorney;

(3) shows a state of mind that will prevent the person from rendering a just verdict, or has formed a positive opinion on the facts of the case or on what the outcome should be;

(4) has opinions or conscientious scruples that would improperly influence the person's verdict[.]

The decision to grant a challenge for cause is within the trial court's sound discretion. *Poet v Traverse City Osteopathic Hosp*, 433 Mich 228, 236; 445 NW2d 115 (1989). A trial court's exercise of discretion

---

with two physical therapists at Mary Free Bed, the pages did not show that Juror Willett was Facebook friends with 30 physical therapists.

should be made with regard for both the parties and their respective claims. When balancing discretionary power with a litigant's right to a fair trial, a trial judge should, in cases where apprehension is reasonable, err on the side of the moving party. For our purposes, apprehension is "reasonable" when a venire person, either in answer to a question posed on voir dire or upon his own initiative, affirmatively articulates a particularly biased opinion which may have a direct effect upon the person's ability to render an unaffected decision. [*Id.* at 238.]

A trial court's denial of a challenge for cause entitles a party to relief if (1) the trial court improperly denied the challenge for cause, (2) the party exhausted all peremptory challenges, (3) the party demonstrated the desire to excuse another subsequently summoned prospective juror, and (4) the prospective juror whom the party wished later to excuse was objectionable. *Id.* at 241.

The trial court did not abuse its discretion in denying plaintiff's challenge for cause to Juror Willett. *Id.* at 236. Willett was a physical therapist. She admitted that she probably had a natural allegiance to physical therapists, explaining that it would be hard to say that she would not have an allegiance to those people who had the same education and job as her, and that this allegiance might slightly "impair" her. However, Juror Willett never articulated "a particularly biased opinion" in favor of physical therapists. *Id.* at 238. Under further inquiry by the parties and the trial court, Juror Willett stated that she believed she could judge the case on the merits, be fair to both parties, and make a fair and impartial decision. The trial court, by denying the challenge for cause, believed Juror Willett. We defer to a trial court's superior ability to assess from a prospective juror's demeanor whether the juror can be impartial. *People v Williams*, 241 Mich App 519, 522; 616 NW2d 710 (2000). Under the circumstances, the trial court's decision to deny plaintiff's challenge for cause to Juror Willett fell within the range of reasonable and principled outcomes. *Rental Props Owners Ass'n of Kent Co*, 308 Mich App at 531.

Plaintiff also argues that Juror Willett engaged in "misconduct" as stated in MCR 2.611 (A)(1)(b). The term "misconduct" is not defined, but an undefined word in a court rule is to be given its ordinary meaning, and a dictionary may be consulted to determine that meaning. *Donkers v Kovach*, 277 Mich App 366, 380; 745 NW2d 154 (2007). The word "misconduct" is defined, in pertinent part, as "intentional wrongdoing" or "improper behavior." *Merriam-Webster's Collegiate Dictionary* (11th ed).

Plaintiff's argument that Juror Willett committed misconduct by failing to disclose that two of her Facebook friends worked at Mary Free Bed assumes that the two friends worked there at the time of trial. But the printed Facebook pages that plaintiff presented to the trial court in February 2016—when she moved for a new trial—are not dated. Thus, while the printed Facebook pages showed that two of Juror Willett's Facebook friends worked at Mary Free Bed, it is unknown whether they did so in November 2015 when trial was held.

But, even if the two Facebook friends worked at Mary Free Bed in November 2015 and assuming that Juror Willett was aware of their employment, Juror Willett did not commit misconduct by failing to disclose that two of her Facebook friends worked at Mary Free Bed. At the beginning of voir dire, the trial court informed the prospective jurors that the lawyers would

ask them questions and that the questions were for the purpose of obtaining information that would allow the parties to choose an impartial jury. The prospective jurors were instructed to answer the questions truthfully and completely. They were also told not to "hesitate to speak freely about anything they believe that you believe we should know." There is no claim that Willett, by not disclosing that two of her Facebook friends worked at Mary Free Bed, failed to answer the questions asked of her truthfully and completely. Additionally, the mere fact that Juror Willett was Facebook friends with two physical therapists at Mary Free Bed did not mean that Juror Willett, at the time of trial, had a personal relationship with them. Because the extent of Willett's relationship with the two Facebook friends at the time of trial is unknown, the record does not indicate that Juror Willett should have known that the parties would want to know that two of her Facebook friends worked at Mary Free Bed.

Because the trial court did not abuse its discretion in denying plaintiff's challenge for cause to Juror Willett, and because Juror Willett did not commit misconduct in failing to disclose that two of her Facebook friends worked at Mary Free Bed, the trial court did not abuse its discretion in denying plaintiff's motion for a new trial on the basis that Juror Willett's presence on the jury affected her right to a fair trial. *Wiley*, 257 Mich App at 498.

Plaintiff also argues that the trial court erred in denying her motion to adjourn, which she made immediately upon learning that Dr. Michael Kasten, her treating physician, was not available to testify at trial. Assuming, but without deciding, that the trial court abused its discretion in denying the motion to adjourn, *Zerillo v Dyksterhouse*, 191 Mich App 228, 230; 477 NW2d 117 (1991), the error does not entitle plaintiff to any relief.

A negligence claim has four elements: duty, breach, causation, and damages. *Fultz*, 470 Mich at 463. Because it found that Mary Free Bed was not negligent, the jury only considered the elements of duty and breach. In affidavits submitted to the trial court, both Dr. Kasten and plaintiff's counsel averred that, if Dr. Kasten was called to testify at trial, he would testify about causation and damages. "[A]n error in a ruling or order . . . is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice." MCR 2.613(A). Because the jury did not address the elements on which Dr. Kasten would have testified had he been called as a witness, failure to grant plaintiff any relief for the trial court's assumed error in denying the motion to adjourn does not appear inconsistent with substantial justice. The assumed error had no effect on the outcome of trial.

On cross-appeal, Mary Free Bed argues that plaintiff's claim sounded in medical malpractice, rather than ordinary negligence, and because the two-year period of limitations for medical malpractice claims expired before plaintiff filed her complaint, the trial court erred in denying its motion for summary disposition under MCR 2.116(C)(7) and (C)(10). Generally, this Court does not address moot questions or declare legal principles that have no practical effect in a case. *In re Gerald L Pollack Trust*, 309 Mich App 125, 154; 867 NW2d 884 (2015). "An issue is moot if an event has occurred that renders it impossible for the court to grant relief. An issue is also moot when a judgment, if entered, cannot for any reason have a practical effect on the existing controversy." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). Because the jury's verdict led to a judgment of no cause of action, and because plaintiff is not entitled to a new trial, any decision from this Court that the trial court

erred in not granting Mary Free Bed's motion for summary disposition can have no practical effect in the case. We, therefore, decline to address Mary Free Bed's argument on cross-appeal.

Affirmed.

/s/ Michael J. Talbot
/s/ Peter D. O'Connell
/s/ Thomas C. Cameron