# STATE OF MICHIGAN

# COURT OF APPEALS

---

In re LOUIS G. BASSO, JR., REVOCABLE LIVING TRUST.

---

MARY ANGELA BASSO,

      Appellant,

v

RONALD M. BARRON, Trustee, and THOMAS BRENNAN FRASER, Successor Trustee,

      Appellees.

UNPUBLISHED
September 20, 2018

No. 337321
Oakland Probate Court
LC No. 2015-363780-TV

---

Before: M. J. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM.

Appellant, Mary Basso, a beneficiary of the Louis G. Basso, Jr., Revocable Living Trust, appeals as of right from the probate court's order permitting the resignation of the initial trustee, Ronald M. Barron, approving Barron's final accounting as trustee, and appointing Thomas Fraser as the successor trustee,. Basso also appeals the court's imposition of sanctions for her refusal to abide by the deadlines set forth in the scheduling order or even to sign the order. Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

This case arises from the administration of the Louis G. Basso, Jr. Revocable Living Trust. The trust was created in March 2006, and was restated in its entirety in November 2014. The settlor died in December 2014, making the trust irrevocable. It is undisputed that Barron was the initial trustee and that Basso and her three siblings are trust beneficiaries. Because of disagreements between Barron and Basso and between Basso and her siblings, Barron found the trust difficult to administer, so he sent Basso and her siblings a 30-day-notice of his intent to resign as trustee. Although the trust provided a mechanism for appointment of a successor trustee, each of the named potential successor trustees declined appointment. Accordingly, Barron petitioned the probate court seeking limited supervision of the trust for the purpose of allowing him to resign, approving his final accounting, and appointing a successor trustee under the Michigan Trust Code, specifically MCL 700.7704(3). Representing herself, Basso objected

-1-

to Barron's resignation and asserted that a successor trustee was required to be appointed from among the principals of Barron's law firm. Basso also listed several expenses to which she objected, but she offered no explanation as to why she felt they were improper. In contrast, Basso's siblings filed a response concurring with Barron's petition.

The record reflects that at an initial hearing, the probate court entered a scheduling order setting deadlines and dates for discovery, witness lists, exhibit lists, trial briefs, and a contested hearing date. It is undisputed that Basso refused to sign the scheduling order, and she failed to comply with nearly all of the deadlines. As a sanction for Basso's failure to comply with the scheduling order, the probate court dismissed her objections to the petition.

In February 2017, at the contested hearing, Barron testified that the accounting submitted accurately reflected all income, expenses, and disbursements of the Trust. He confirmed that he served all interested parties with an accounting and only Basso objected. In response to Basso's question about whether she was provided with receipts or other documentation, he testified that he provided whatever information Basso requested whenever she requested it. Upon conclusion of the testimony, the probate court noted the vacancy in the trustee position created by Barron's resignation and the fact that all possible successor trustees named in the trust declined to act. Acknowledging that "the Court can't compel someone to serve, and it's not in the interests of the beneficiaries for someone to be forced to serve against their will," the probate court found that it could appoint a successor, and it appointed Fraser as successor trustee. The court also found that the accounting was proper, stating:

> Also with respect to the account, I will allow the account. I've heard the testimony. I did not hear specific objections to the account. I've reviewed the account. It certainly appears to be appropriate. Mr. Barron has testified that he served the accounting, as well as receipts, on all of the beneficiaries. No specific objections were received to those, so they are allowable.

## II. SCHEDULING ORDER

### A. STANDARD OF REVIEW

Basso argues that the probate court abused its discretion by entering its scheduling order and by sanctioning her for her refusal to follow it. Decisions related to the entry and enforcement of scheduling orders are reviewed for an abuse of discretion. *People v Grove*, 455 Mich 439, 469-470; 566 NW2d 547 (1997), superseded by court rule on other grounds as recognized in *People v Franklin*, 491 Mich 916; 813 NW2d 285 (2012).

### B. ANALYSIS

MCR 2.401(B)(1) permits a trial court to enter scheduling orders that "shall establish times for events the court deems appropriate . . . ." MCR 2.401(B)(2)(a). Additionally, "[t]rial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). Basso contends that the probate court abused its discretion by entering the scheduling order and by not taking into account her perceived difficulties in litigating this matter. But the record shows that Basso failed to participate in discovery or any other aspect of the case aside from the

contested hearing. At the outset, she refused to sign the scheduling order, but she acknowledges the dates in it and her presence and participation at the scheduling conference. Additionally, Basso did not appear for her duly noticed deposition. She did not respond to discovery, provide an exhibit list, or file a trial brief. Moreover, she did not seek relief from the scheduling order, but instead appears to have decided that the dates in the scheduling order were not convenient to her and that she would not abide by them. Thus, the court's decision to impose sanctions was based on the scheduling order, which was entered in compliance with MCR 2.401. Accordingly, there is no abuse of discretion in the court's decision to implement the scheduling order or impose sanctions for Basso's failure to follow it.

## III. ACCOUNTING

Basso next asserts that the probate court erred by approving Barron's final accounting. "The [probate] court's factual findings are reviewed for clear error, while the court's dispositional rulings are reviewed for an abuse of discretion." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the whole record, is left with a definite and firm conviction that a mistake has been made." *Bynum v ESAB Group, Inc*, 467 Mich 280, 285; 651 NW2d 383 (2002). At the contested hearing, Barron presented evidence that the accounting properly documented the income, expenses, and assets of the Trust. Basso, however, offered no evidence or any specific objections to the accounting, which left Barron's testimony auncontroverted. As a result, we conclude that the trial court did not clearly err by finding that the final accounting was acceptable.

## IV. ENFORCEMENT OF THE TRUST TERMS

### A. STANDARD OF REVIEW

Basso also argues that the probate court erred by permitting the initial trustee to resign, and by appointing the public trustee as successor trustee. She specifically argues that the trust only allows for the appointment of specific successor trustees, and that, under the express language in the trust, the court cannot appoint a successor trustee. Interpretation of a trust document is a question of law that we review de novo. *In re Egbert R Smith Trust*, 480 Mich 19, 24; 745 NW2d 754 (2008).

### B. ANALYSIS

"[A] court must enforce the plain and unambiguous terms of a trust as they are written." *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 694; 880 NW2d 269 (2015). Here, under the plain language of the Trust, a trustee can resign after providing the beneficiaries with 30 days' notice. It is undisputed that Barron resigned by way of the mechanism set forth in the trust. The trust also provides that Don Rosenberg or, if he were unable or unwilling to serve, another principal of Barron's law firm should be appointed successor trustee. But Rosenberg and every other principal of the firm declined appointment as a successor trustee. MCL 700.7704(3) permits the probate court to appoint a successor trustee if one cannot be appointed in accordance with the trust. Thus, the probate court properly permitted initial trustee Barron to resign and properly appointed a successor trustee.

Affirmed.  As the prevailing party, Barron may tax costs.  MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Karen M. Fort Hood