*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JERMEY GOOD,

      Plaintiff-Appellant,

UNPUBLISHED
May 21, 2020

v

No. 345564
Oakland Circuit Court
LC No. 2016-155301-NF

PIONEER STATE MUTUAL INSURANCE
COMPANY,

      Defendant-Appellee.

Before: MURRAY, C.J., and RONAYNE KRAUSE and TUKEL, JJ.

RONAYNE KRAUSE, J. *(concurring)*

I concur in the outcome reached by the majority, because, on this record, this Court is constrained to that result by the test set forth in *Poet v Traverse City Osteopathic Hosp*, 433 Mich 228, 240-241; 445 NW2d 115 (1989). I write separately because although the majority's analysis is thorough and thoughtful, I conclude that the trial court clearly did abuse its discretion by refusing to dismiss Juror #166 for cause. Thus, I believe the purpose of the test as stated by our Supreme Court is defeated under these circumstances by an application of the test. The letter of *Poet* requires us to affirm, but I believe today's outcome plainly violates the spirit of *Poet*. I therefore join in the outcome reached by the majority, but I respectfully urge our Supreme Court to consider clarifying whether *Poet* applies to circumstances like those at bar.

As the majority sets forth, Juror #166 expressed various negative opinions about the nature of plaintiff's claim. The trial court, in denying plaintiff's motion for a new trial, acknowledged that the juror had "indicated that she had personal biases and that she would not personally pursue this type of case." Indeed, Juror #166 affirmatively stated, in no uncertain terms, that she could not be fair to the case. The juror's statements plainly set forth grounds for dismissal under MCR 2.511(D)(2) (personal bias), (3) (state of mind preventing a just verdict or established opinion on what the outcome of the case should be), and (4) (has opinions or conscientious scruples that would improperly influence the person's verdict). Then, after extensive further questioning by defense counsel, Juror #166 eventually answered "yes" to counsel's question of whether the juror could set her biases aside. The trial court opined that plaintiff had therefore not "met his burden of proving improper denial for cause" only because plaintiff did not follow up on defense counsel's

elicitation of a statement by Juror #166 "that she could keep her personal life separate from defendant's [sic] case."

As the majority notes, this Court defers to credibility assessments made by the trial court. *Andrusz v Andrusz*, 320 Mich App 445, 455; 904 NW2d 636 (2017). Furthermore, the trial court's factual findings are reviewed for clear error, not de novo. *People v Miller*, 482 Mich 540, 557-558; 759 NW2d 850 (2008). Jurors are presumed to be qualified and impartial, and the moving party has the burden of establishing otherwise. *Bynum v ESAB Group, Inc*, 467 Mich 280, 283; 651 NW2d 383 (2002); *Miller*, 482 Mich at 550. However, "[a]lthough, as a general matter, the determination whether to excuse a prospective juror for cause is within the trial court's discretion, once a party shows that a prospective juror falls within the parameters of one of the grounds enumerated in MCR 2.511(D), the trial court is without discretion to retain that juror, who must be excused for cause." *People v Eccles*, 260 Mich App 379, 382-383; 677 NW2d 76 (2004). It is automatically an abuse of discretion to make a decision premised on an error of law. *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016).

As plaintiff observes, it has long been the case that parties are entitled to a jury free from bias and prejudice, and "prejudice is a state of mind which, in the eye of the law, has no degrees." *Theisen v Johns*, 72 Mich 285, 289-292; 40 NW 729 (1888); *Monaghan v Agricultural Fire Ins Co*, 53 Mich 238, 245-246; 18 NW 797 (1884). Our Supreme Court continues to recognize that a juror's scruples or prejudices may be "too great to be reasoned away with bare assertions of impartiality," and even where a jury's verdict is unanimous, it is impossible to know how much influence a single objectionable juror might have had. *Poet*, 433 Mich at 252, 254. Importantly, trial courts should err on the side of caution and grant requests to dismiss jurors for cause where they have demonstrated prejudice and there remains "reasonable apprehension" that such bias cannot be set aside. *Poet*, 433 Mich at 238-239.

The trial court clearly erred here by focusing on whether plaintiff had gone to the tedious and pointless exercise of continuing to interrogate Juror #166 long past the point at which it was possible to wring out any further insight into Juror #166's beliefs and values. A "categorical denial of bias by" Juror #166 would have been "entitled to some weight." See *Bynum*, 467 Mich at 286. However, Juror #166 provided essentially the exact opposite. Her eventual agreement that she could be fair and impartial, after two days of enduring scrutinization and admonitions from the court and attorneys, cannot be taken at face value in light of her explanations of why she could not be impartial. See *People v Roupe*, 150 Mich App 469, 474-475; 389 NW2d 449 (1986). The trial court clearly erred in concluding that plaintiff had not met his burden simply because counsel reasonably deemed it unnecessary to continue beating a dead horse. At the most, Juror #166 was ultimately equivocal whether she could truly be an impartial juror.

Notably, Juror #115 explicitly stated, "I feel similarly to how she does," immediately after Juror #166 explained at length why she could not be impartial. Defendant "rehabilitated" Juror #115 in exactly the same manner as Juror #166. In other words, there was no real difference between the two jurors. However, unlike Juror #166, the trial court properly excused Juror #115 for cause. Plaintiff more than met his burden of establishing that Juror #166 was required to be dismissed under MCR 2.511(D), and the trial court erred in declining to dismiss Juror #166 for cause. See *Poet*, 433 Mich at 238-239, 241 n 13.

Nevertheless, *Poet* also requires the moving party to have exhausted all peremptory challenges, expressed a desire to excuse another juror, and expressed on the record some explanation of why that juror was objectionable. I agree with the majority that *Poet* only requires the eventual exhaustion of peremptory challenges; it does not require the moving party to have already exhausted them. Plaintiff did ultimately exhaust all peremptory challenges. Thus, the trial court also erred by finding it relevant that plaintiff still had peremptory challenges remaining when it refused to dismiss Juror #166. Plaintiff clearly satisfies the first two of *Poet*'s four requirements.

Plaintiff did express a desire to remove another juror—specifically, Juror #115—for cause and articulated reasons why that juror was objectionable, which ostensibly satisfies the remaining two requirements. However, like the majority, I believe *Poet*, by necessary implication, requires the trial court to have refused to dismiss that juror. Of relevance, the discussion in *Poet* was largely concerned with parties being forced to waste a peremptory challenge because a trial court improperly refused to grant a dismissal for cause. Plaintiff did not exercise a peremptory challenge to excuse Juror #166, nor did plaintiff exercise any peremptory challenges to excuse any other juror he requested dismissed for cause. Consequently, I conclude that we are constrained by *Poet* to conclude that plaintiff suffered no "actionable prejudice."

However, I find this outcome inconsistent with the true purpose of the above test as stated by the *Poet* Court. Notably, if plaintiff *had* exercised a peremptory challenge to excuse Juror #166, then provided any kind of articulation on the record to the effect that *any other* juror was objectionable for a non-trivial reason, and the trial court declined to dismiss that other juror for cause, the *Poet* test would seem to be met, even if that other juror did not really satisfy any of the conditions in MCR 2.511(D). Thus, the outcome of this matter seemingly turns on whether a moving party chooses to risk wasting a peremptory challenge on a juror who should have been dismissed for cause, or to risk keeping the objectionable juror so that the peremptory challenge remained available. Furthermore, this would appear to incentivize parties to waste resources by *always* asking trial courts to dismiss jurors for cause before using a peremptory challenge, just to ensure that the technical requisites of *Poet* are met in the event the trial court declines to dismiss a juror for cause. This outcome strikes me as arbitrary and unhelpful, and it also defeats the purpose of having peremptory challenges.

Finally, our Supreme Court emphasized that "our singular, most important concern in cases where there is an objection to the exercise of discretion by trial courts in the challenge for cause context is whether the resulting jury could, without significant question, provide the parties with a fair trial." *Poet*, 433 Mich at 251 (footnote omitted). This seems to imply that a trial court's error in refusing to dismiss an objectionable juror, alone, constitutes an abuse of discretion. *Id*. at 251-252. However, the test it set forth seems, under the circumstances of this case, to punish a party for an error by the trial court, turning on the simple technicality of whether trial counsel chose to risk exercising a peremptory challenge or risk not exercising a peremptory challenge. I question whether the test in *Poet* was intended to apply so narrowly where the trial court's error did ultimately force a party to trial with an improperly-constituted jury, and I respectfully urge our Supreme Court to provide further guidance to the bench and bar. Nonetheless, on this record and under the present law, I agree with the majority that we must affirm.

/s/ Amy Ronayne Krause